## TABOR *v.* GLOVER.

1. .TRIAL—EVIDENCE—ADMISSIBILITY FOR PURPOSE RECEIVED.

In an action for the balance due on a contract for haul-
ing stone from a boat to certain streets which were being
improved, where defendant claimed recoupment for failure
of plaintiff to properly perform, the admission of testimony
by plaintiff that by reason of defendant's failure to pro-
vide a mechanical device for unloading and failure to keep
the streets passable for plaintiff's trucks, as they had
agreed to do, it was costing plaintiff more money to per-
form on his part, *held*, not error, in view of the fact that
the court explained that it was not received as elements
of damage, and that it was admissible to show that under
the circumstances plaintiff would be justified in refusing
to proceed with the work.[1]

2. SAME—OBJECTION TO INSTRUCTIONS WITHOUT MERIT.

Where the record shows that the trial court correctly
stated to the jury plaintiff's claim as to the facts, de-
fendants' objection thereto is without merit.[2]

3. SAME—INSTRUCTIONS.

An instruction by the trial court that if the jury should
find by a preponderance of the evidence that the agree-
ment was made as claimed by plaintiff and that it was
afterwards modified as claimed by him, then they should
find a verdict for him for the amount found to be due
him, *held*, not objectionable on the ground that it ignored
all of the other questions in the case, in view of the
fact that it was followed by an instruction that if de-
fendants had established their claim of recoupment and
the amount thereof exceeded the amount due plaintiff,
then they' should render a verdict in favor of defendants
for the difference.[3]

4. NEW TRIAL—MOTION PROPERLY DENIED.

Defendant's motion for a new trial, on the ground that
the jury did not give them credit for certain items which

[1]Trial, 38 Cyc. p. 1340; [2]Id., 38 Cyc. p. 1610; [3]Id., 38 Cyc. p.
1785.

they paid for plaintiff, *held*, properly denied by the trial judge, in view of the fact that certain items which defendants could have shown with absolute certainty were left in uncertainty on the record.[4]

Error to Ottawa; Cross (Orien S.), J.   Submitted October 15, 1924.   (Docket No. 101.)   Decided December 31, 1924.

Assumpsit by Harold J. Tabor against H. J. Glover and another for services rendered.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

*Lovelace & Broek,* for appellants.

*Colin P. Campbell,* for appellee.

McDONALD, J.   The purpose of this action is to recover for services rendered under a contract for the hauling of stone and for street excavation.   In 1923, the defendants, who are paving contractors, had a contract for the construction of three and one-half miles of pavement in the city of Holland, Michigan.   They made two contracts with the plaintiff, one a written contract for the work of excavating and the other an oral contract for the hauling of crushed stone.   The controversy arises largely over the oral contract.   The plaintiff says that the stone was to come in by boat and that he was to be paid 27 cents a ton, according to what is known as boat weights, for hauling it to the street where it was to be used; that he was to furnish four or five trucks for this purpose; that the defendants were to furnish some mechanical device for unloading it and were to keep the streets which were being improved covered with marsh hay or straw, so that they would be passable for the plaintiff's trucks.   The plaintiff claims that the defendants did not perform their part of the contract; that they did not keep the streets passable as a result of which

[4]New Trial, 29 Cyc. p. 824.

he was delayed in his work and compelled to do it at greater expense; that they did not provide mechanical means for unloading and refused to pay for the hauling according to boat weights; that, because of the failure of the defendants to carry out the agreement, disputes arose between them which finally resulted in a modification of their contract; that under the new agreement he was to receive 31 cents a ton for the hauling based on actual weight instead of boat weights. It was the plaintiff's claim that there was a balance of $4,102 due and unpaid on this contract and to recover that amount he began suit.

The defendants admitted the modification of the contract as to the amount to be paid for hauling, but are not in agreement with the plaintiff as to when it became operative; they say that the plaintiff was not doing his work in a satisfactory manner and that the modification of the contract was agreed to by them only on condition that he put a sufficient number of trucks on the job to insure prompt delivery of the stone as they required it.     It is their claim that the plaintiff did not carry out his contract in this respect; that it became necessary for them to spend their time in looking after the work which he should have performed; that his neglect to promptly deliver the stone caused delay and loss to them by their men and machinery remaining idle; that finally the plaintiff abandoned both of the contracts and that they were compelled to complete the work which he should have performed; and that because of this they suffered damages to the extent of $1,831.81, which they sought to recoup against his claim.     They admitted a liability of $982.16, which they deducted from $1,831.81, leaving a balance in their favor of $849.65.     The issue presented by the claims of the parties was submitted to the jury.     The plaintiff was given a verdict of $4,102.     The defendants were refused a new trial and judgment was entered on the verdict.

The errors assigned relate to the admission of certain evidence, the charge of the court and the denial of a motion for a new trial.

1. Errors in the admission of testimony. Objection is made to the following testimony given by the plaintiff on his direct-examination:

"*Q.* I will ask you how much more it cost you to haul this stone under the conditions as they were in the matter of the failure to provide mechanical device, than it would have cost you had Mr. Glover kept his part of the contract and kept the streets in condition and furnished the mechanical unloading device? *   *   *

"*A.* The repairs on the trucks ran to some $2,800, plus the amount of depreciation; they depreciated to a great extent, even the $2,800 put them in working condition, not in the condition they came there, and the showing up of the weighing and the waiting at the cars would be approximation of a thousand dollars additional. *   *   *

"*Q.* During these three days a week that you had the shovel there and wasn't using it what expense was that to you? *   *   *

"*A.* Expense of an operator, foreman and general overhead which ran about twenty to twenty-five dollars a day."

Counsel for the defendants objected to these questions and moved to strike out the answers. In permitting the testimony to be taken the court explained that they were not received as elements of damages, and counsel for the plaintiff said:

"I am not claiming any damages on account of that, it is simply for the purpose of showing that this man was doing all that he could by virtue of a situation that he was in no way in control of."

We think that the testimony was admissible for several reasons but more particularly on account of the claim of the defendants that the plaintiff had abandoned both contracts. If because of the failure of the defendants to carry out their contracts it was

costing the plaintiff so much more money to perform on his part, he would be justified in refusing to proceed with the work. In view of the purpose for which this testimony was offered and the restriction which was placed upon its consideration by the jury, we think the court did not err in overruling defendants' objection and in refusing to strike it out.

2. Errors in the charge of the court. Defendants complain of the following charge:

"Defendants refused to pay on the basis of boat weights and then the matter was compromised by allowing 31 cents per ton on the basis of actual weights; that this rate was allowed in the estimates by defendants, but was not paid."

Counsel's objection to this portion of the charge is without merit. The court was not stating the facts. He was telling the jury what the plaintiff claimed the facts to be. The record shows that he correctly stated the claim.

3. It is further claimed that the court erred in instructing the jury as follows:

"You are instructed that if you find by a preponderance of the evidence that the agreement was made as claimed by the plaintiff and that the agreement was afterwards modified as claimed by him, then you should find a verdict for the plaintiff for the amount you find to be due plaintiff."

It cannot be said that this instruction ignored all of the other questions in the case in view of the fact that the court followed it with an instruction that if the defendants had established their claim of recoupment, and the amount thereof should exceed the amount they found to be due to the plaintiff, they should render a verdict in favor of the defendants for the difference. Considered in its entirety the charge fairly stated the claims of the parties and correctly informed the jury as to law applicable thereto.

4. Denial of the motion for a new trial.     In their motion for a new trial the defendants complained that the jury did not give them credit for certain items which they paid for the plaintiff, about which there was no dispute; and that the court should have granted a new trial unless the plaintiff remitted the amount of those items from his judgment.     The plaintiff testified that the amount of the items with which he was properly chargeable was $614 and that this amount included the items which the defendants now say were not considered by the jury.     The defendants' testimony tended to show that there were other amounts for which the plaintiff did not give them credit.     It would have been an easy matter to have shown with absolute certainty the amount of these items.     The plaintiff did not undertake to itemize the various amounts which made up the credit of $614 and was not asked to do so on cross-examination.     The defendants had the bills which they had paid and others on which they were liable, but did not put them in evidence.     Leaving out of consideration the affidavit in support of the motion for a new trial the record is not clear as to the true state of the accounts in respect to the amounts with which defendants were entitled to credit for money paid in plaintiff's behalf. In view of this situation we are inclined to accept the judgment of the trial court who said in denying the motion for a new trial:

"The questions involved were entirely questions of fact as to whether certain accounts should be allowed, and they were passed upon by the jury, and it cannot be said as a matter of law that their verdict was contrary to the weight of the evidence."

The judgment is affirmed.     Plaintiff will have costs.

Clark, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.