257 P.2d 588
J. & B. MOTORS, Inc. v. MARGOLIS et al.
No. 5502.

Supreme Court of Arizona.
May 25, 1953.

Tannenbaum & Tannenbaum, of Tucson, for appellant.

Udall & Udall and Frank J. Barry, Jr., Tucson, for appellees.

WINDES, Justice.

Defendant employed plaintiff as a used-car salesman at a salary to be computed on a five per cent commission on all sales accomplished by him with a guaranty of $200 per month. There is no dispute concerning this agreement. Thereafter, some arrangement was made whereby plaintiff was to receive a $50 bonus on the sale of heavy-duty trucks. Defendant contends this was limited to the month of July, whereas plaintiff claims there was no such limitation. Sometime after plaintiff's employment began another arrangement was made, whereby plaintiff assumed the duties of looking after the used-car lot and was to receive additional compensation of one per cent overwrite on sales therefrom. It is not clear whether this overwrite was to be on the gross sale prices or only on the trade-in differences. Plaintiff voluntarily left the employment of defendant and in this suit claims certain commissions, bonuses on heavy-duty truck sales, and an additional amount under the overwrite arrangement. Trial resulted in verdict for plaintiffs in the sum of $725; defendant appeals and presents seven assignments of error.

First, it is claimed that the court erred in not dismissing for cause juror Carmen O. Lee, when she was challenged for cause by the defendants upon the ground that she showed prejudice. When the jurors were being examined for the purpose of selection for trial, juror Lee, in response to

questions by court and counsel, stated she was well acquainted with one of counsel for the plaintiffs; that by reason thereof it would not be embarrassing or difficult for her to render a verdict against the plaintiffs if she felt the evidence so warranted; that she felt conscientiously and honestly that she could render a judgment fairly and impartially despite her acquaintance with counsel; that she might be prejudiced, did not think so, but thought she would try to be fair.

The existence of a state of mind in the juror evincing bias to either party is a ground for challenge, Section 37–122, A.C.A.1939; and when a juror is challenged, whether the same shall be denied or allowed is largely within the discretion of the trial court, and his discretion thereon will not be disturbed in the absence of an abuse thereof. Riley v. State, 50 Ariz. 442, 73 P.2d 96; State v. Brady, 66 Ariz. 365, 189 P.2d 198. Clearly, from the record in this case, the court did not abuse its discretion and there was no error in denying the challenge.

The complaint prayed for judgment in the sum of $3,153.92. The defendants offered in evidence a letter written prior to the filing of suit by the plaintiff to Jack Erny, president of the defendant company, wherein it was stated as follows:

"I am repeating my request for payment of the $1150 you owe me. Unless I receive this amount by Saturday, April 29th, 1950, I shall enlist legal aid."

Defendants offered the letter in evidence. It was excluded upon objection of the plaintiffs and this is claimed as error. Plaintiffs contend the letter is inadmissible because it is in the nature of compromise, but there is no basis whatever for this position, there being nothing to indicate it was written in an effort to compromise. We hold, therefore, that the court should have allowed the letter in evidence as an admission of the maximum amount of plaintiffs' claim and because it was out of harmony with the amount claimed in the complaint. We do not think, however, that its exclusion was prejudicial error. The jury's verdict was for a lesser amount than contended for in the exhibit. Had the verdict been greater, we think the exclusion would have been reversible error. There is authority that if a verdict is such that it would have been warranted had the excluded evidence been admitted, and in all probability its admission would not have changed the result, there is no reversible error. Waldrip v. Grisham, 112 Ark. 57, 164 S.W. 1133. It appears that the admission of the document would not have had the effect of causing a verdict for the defendants or a verdict in a lesser amount for the plaintiffs and was therefore harmless error.

Plaintiffs called one of the defendants, Jack Erny, and Geraldine M. Erny, secretary-treasurer of the defendant company,

for examination under the provisions of Rule 43(b), section 21–922, A.C.A.1939. After plaintiff completed his examination of these witnesses, defendants' counsel propounded to them certain leading questions, and the court sustained objections thereto. This ruling is assigned as error.

■■ With a few exceptions not material here, the general rule is that one cannot lead his own witness with suggestive questions. It is equally true that generally a cross-examiner may submit such questions to the witness. The fundamental reason for both rules is that if the witness is friendly or biased in favor of the examiner, there is not only no necessity for suggesting but such might even elicit incorrect answers, whereas if the witness is unfriendly or hostile to the cause of the examiner, he is unlikely to accept or be influenced by the examiner's suggestions, and leading questions are permissible in order to test the accuracy of or discredit the direct testimony. Volume III, Wigmore on Evidence, Sections 773 and 915. Mr. Wigmore states in the first-mentioned section that when the reason for the rule ceases, so does the rule, and that should it develop that an opponent's witness proves to be biased in favor of the cross-examiner, he may then be forbidden to propound leading questions even to the opponent's witness. If these rules be applicable, clearly under the circumstances here defendants' counsel would not be allowed to lead his own client or an officer thereof,

unless it should appear that such witness exhibited hostility to the cause of the defendant, in which event the court in its discretion could allow leading questions. This is still the law unless Rule 43(b), Section 21–922, supra, effects a change in this respect. This rule reads as follows:

"Any witness may be cross-examined on any matter material to the case. A party may interrogate any unwilling or hostile witness *by leading questions*. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, *and interrogate him by leading questions* and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party." (Emphasis supplied.)

It will be observed that the rule expressly provides that a party (and this means either party) may interrogate any unwilling or hostile witness by leading questions. It also provides that a party may call an adverse party or officer of a corporation and interrogate him by leading questions and either side may contradict and impeach the party or witness thus called. Lastly, the rule provides that the witness may be cross-examined by the adverse party. It is clear that under this rule, defend-

ants' counsel is expressly given the right to cross-examine the witnesses called by the plaintiffs, but it does not say that in such cross-examination leading questions may be asked. It does expressly provide two circumstances under which a witness may be led, both requiring hostility or presumed hostility to the cause of the examiner. We think this rule is in harmony with the rules concerning the putting of leading questions in existence prior to its adoption, and, unless it appears to the satisfaction of the trial judge that one called under the rule as an adverse party is unfriendly to the cause of the adverse party, the counsel for such adverse party is not entitled to propound leading questions. Many years ago this court held that under some circumstances there may be the right to cross-examine in the absence of thè right to lead the witness. Rush v. French, 1 Ariz. 99, 25 P. 816, 828. Therein the court said:

> "(4) The court, in its discretion, may forbid the cross-examining party putting leading questions when the objection is made that the witness is biased in favor of the party cross-examining, and the court is satisfied that the objection is good."

■ Defendant relies on Podol v. Jacobs, 65 Ariz. 50, 173 P.2d 758. This case is authority, so far as the problem we are discussing is concerned, for the proposition only that defendant's counsel had a right to cross-examine defendant after he had been called or examined as an adverse witness. It did not hold that in conducting such cross-examination defendant's counsel could ask leading questions. We rule, therefore, that the court correctly forbade defendant's counsel from leading these witnesses. Had either of them evidenced bias in favor of the plaintiffs, then the court might have, in the exercise of its sound discretion, permitted such questions to be propounded.

■ It is urged that the court should not have submitted to the jury the question of whether the plaintiff was entitled to commissions on sales completed after the termination of his employment and should not have submitted to the jury the item for claimed overwrite commission for the month of December. There was considerable testimony concerning various sales which were consummated after the plaintiff left the defendant's employment and concerning plaintiff's contracts and activities with the purchasers thereof prior to his leaving the employment. We think the correctness of the court's action in this respect is to be tested by whether the evidence warranted the jury in finding that the plaintiff was, under the law applicable to the contract of employment, entitled to commissions in the sum of $725, the amount of the verdict. The court in its instruction permitted the jury to find a verdict not in excess of $1169.

■ Defendant contends that, because these sales were consummated after plaintiff had left defendant's employment,

he is entitled to no compensation thereon. Such is not necessarily true. The general rule is that if an employee's or agent's compensation is conditioned upon the accomplishment of a certain result, he is entitled to the compensation agreed upon if the services rendered are the effective cause of the result. Restatement, Agency, Section 448. The most common case in which this rule is invoked is the employment of real estate brokers, but the same principle applies when the purpose of the contract of employment is the sale of personal property. Chamberlain v. Abeles, 88 Cal.App.2d 291, 198 P.2d 927. The effective cause is sometimes spoken of as the procuring cause, and this court has defined the procuring cause as referring "to a cause *originating* a series of events which, without break in their continuity, result in accomplishment of the prime objective of employment". Clark v. Ellsworth, 66 Ariz. 119, 184 P.2d 821, 822. Unless the contract provides otherwise, if the activities of the agent, while the relationship of agency exists, are the procuring cause, he is entitled to his commission even though the principal himself or others may have intervened and completed the final act of negotiation after the employment ceases. Chamberlain v. Abeles, supra.

We have read the transcript and the evidence is voluminous concerning the various sales involved. An attempt to relate the details thereof is impracticable without unreasonably extending this opinion and would serve no useful purpose. Suffice it to say there is evidence in the record upon which the jury could legally find that the plaintiff's services, rendered before leaving defendant's employment, were the procuring or effective cause of a sufficient number of the sales to sustain the verdict rendered.

Defendant assigns as error the trial court's refusal to give its instruction No. 5. This instruction in effect tells the jury that documentary evidence must be given greater weight than oral evidence and further tells the jury that plaintiff did not corroborate any of the facts of his employment on major issues. Clearly this instruction was a comment on the evidence and no authority is necessary for the proposition that in Arizona the judge is not allowed in his instruction to comment on the weight of the evidence. There is no merit to this assignment.

The judgment is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE, and UDALL, JJ., concurring.