336 P.2d 141

W. W. ODOM and Madge Odom, his wife, and Gillon B. Cooper and Marjorie Cooper, his wife, Appellants,

v.

FIRST NATIONAL BANK OF ARIZONA, Executor of estate of Edwin L. Peterson, deceased, Appellee.

No. 6454.

Supreme Court of Arizona.

March 4, 1959.

Rehearing Denied April 15, 1959.

Milburn N. Cooper, Phoenix, for appellants.

Moore & Romley, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action was brought by appellee First National Bank of Arizona as the executor of the estate of Edwin L. Peterson, deceased, to quiet title to certain land in Maricopa County. Appellants counterclaimed requesting specific performance or certain written instruments, or in the alternative, damages for breach of contract. Judgment was entered in favor of appellee quieting title and dismissing appellants' counterclaim. From that judgment appellants bring this appeal.

It appears that one Edwin L. Peterson was in 1953 the owner of a 14-acre tract of land, the land which is now the subject matter of this dispute. Odom and Cooper, appellants, became interested in purchasing the land for a housing development, and in March of 1953 signed an agreement with Peterson as the owner giving them an option to purchase. Thereafter, on June 26, 1953, they notified Peterson of their intention to exercise the option and on July 6th of the same year, all the parties signed an instrument called "escrow instructions." Subsequently, certain disagreements arose between the parties which resulted in Peterson and appellant Cooper signing a real estate sales agreement; however, Odom did not sign. Later, both Cooper and Odom demanded conveyance of the land pursuant to the purported terms of the original option contract and escrow instructions. This demand was refused by Peterson.

Peterson died on June 15, 1954 and the First National Bank of Arizona, as executor of his estate, filed this action to quiet title to the property. It appears from an examination of the transcript of testimony and the answer to the counterclaim that the appellee asserted in the court below three claims: First, that the option contract and escrow instructions were obtained by undue influence; second, that these instruments were so vague and indefinite as to be incapable of being specifically performed or the predicate of an action in damages; and third, that the instruments were rescinded by the subsequent real estate sales agreement signed by Cooper as a representative of the partnership of Cooper and Odom.

There are seven assignments of error, five of which attack the action of the trial

court in entering judgment quieting title in appellee and dismissing appellants' counterclaim for the reason that the evidence showed the option contract and escrow instructions were valid, binding and legal agreements to sell and convey the land.

It is to be noticed that the effect of these assignments of error and, in fact, appellants' entire argument devoted thereto is simply to re-examine the evidence in a light most favorable to them. The rule is firmly established in this jurisdiction that this court will examine the record only to determine whether there is any substantial evidence to support the action of the court below. Bank of Arizona v. Harrington, 74 Ariz. 297, 248 P.2d 859. Our examination of the record reveals that there is substantial evidence to support a finding that the theories of the plaintiff's case and defenses to the counterclaim were established. Nowhere have appellants assigned as error wherein the evidence fails to warrant or justify a judgment for the appellee on its claim for relief and defenses to the counterclaim. It is the appellants' burden to specifically point out to this court wherein the evidence is insufficient on these issues. Julian v. Carpenter, 65 Ariz. 157, 161, 176 P.2d 693. In any event, we do not think it necessary to restate all of the evidence in this case which might support appellee's theories, for the trial court will be sustained, if it can be sustained, upon any theory which is within the issues and supported by the evidence. Phoenix Safety Inv. Co. v. James, 28 Ariz. 514, 237 P. 958. We point out that on the appeal where the trial court sat without a jury and did not make findings of fact or conclusions of law, all inferences supported by the evidence will be taken in favor of the appellee. Rosen v. Hadden, 81 Ariz. 194, 303 P.2d 267.

Appellants complain of the rulings of the trial court sitting without a jury as to the admission of certain evidence. A discussion of this assignment is unnecessary since the trial court is presumed to have considered only competent evidence in arriving at its decision. Home Owners' Loan Corporation v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437.

Appellants' final assignment of error complains of the exclusion of certain testimony, all of which was evidentiary of the damages sustained by the appellants. However, even where evidence is erroneously excluded, its exclusion is not reversible error if the outcome of the case is such that it would have been warranted, even had the excluded evidence been admitted, and the probabilities are such that its admission would not have changed the result. J. & B. Motors v. Margolis, 75 Ariz. 392, 257 P.2d 588, 38 A.L.R.2d 946. Here, the evidence excluded was directed solely to the issue of appellants' damages. Since the decision of the trial court was

that appellants should not recover, then the exclusion of the testimony to the issue of damages could in no manner have prejudiced appellants.

The judgment is affirmed.

PHELPS, C. J., and UDALL, JOHNSON, and BERNSTEIN, JJ., concurring.