RAY SHULER, Appellant, v. OZZIE KRAFT and
CYNTHIA KRAFT, Husband and Wife; and
OZZIE KRAFT, dba Ozzie Kraft Swimming
Pools, Respondents.

No. 4129

April 3, 1959                                                337 P.2d 277

*Milton W. Keefer*, of Las Vegas, for Appellant.

*George Rudiak*, of Las Vegas, for Respondents.

# OPINION

By the Court, MERRILL, C. J.:

This is an action brought by appellant as plaintiff to recover a sum allegedly due him as a commission upon a sale. The court below, sitting without jury, rendered judgment for the defendant and the plaintiff has appealed. The issue upon this appeal is whether the facts establish that appellant was the procuring or effective cause of the sale in question and thus entitled to a commission upon such sale.

Respondents, located in Las Vegas, are engaged in the business of constructing swimming pools. In 1957 they employed appellant as a salesman. The contract of employment was oral and was not specific in any respect beyond providing that appellant would receive a commission of seven and a half percent of the gross sales price of all pools sold by him.

Prior to July 31, 1957 under this agreement appellant negotiated the sale of nine pools. On that date respondents paid him in full for all commissions then due him. On September 9, 1957 his employment was terminated by written notice from respondents. The present action concerns the sale of a pool in Boulder City by contract awarded September 10, 1957 by the Clark County Fair and Recreation Board.

Respondents contend in part that once appellant's contract of employment had been terminated he is entitled to no commissions for sales later consummated. Appellant in opposition contends that the circumstances indicate that the termination was not in good faith and that his right continues to recover commissions otherwise due him. This issue we need not determine.

Respondents' principal contention is that appellant was not the procuring or effective cause of the sale in question and for this reason is not entitled to a commission upon it. The trial court made no findings upon this precise point. Implicit in its findings in the light of its opinion rendered from the bench, however, is a determination that appellant was not the procuring cause of the sale.

It is to be noted that the "sale" here involved was not the usual negotiated sale such as the contract of employment would seem to have contemplated. The sale resulted from the acceptance of the contractor's bid on a public works project. It is not contended by respondents that the contract of employment excludes commissions on such contracts as this. The question then is whether appellant can be said to have "sold" the pool to the county board under the facts before us.

The factors relevant to a right to a commission in such a case as this may well be different from those in the case of a negotiated sale. The agent has not produced a ready, able and willing purchaser. The sale has resulted solely from the fact that the bid presented was a successful bid and was accepted. No authorities have been presented to us to aid us in determining what the relevant factors in such a case should be. It would seem, however, that the question should be whether appellant has shown himself to have been responsible for the making of the bid which was accepted and thus to have been the effective cause of the contract which was awarded. A study of the record has impelled us to the conclusion that he has not, and that judgment must be affirmed for this reason.

The record presents evidence to the following effect: In June 1957 the parties learned that the Clark County Fair and Recreation Board intended to construct a pool and change house at Boulder City and that bids were about to be entertained for this project. Appellant consulted the board chairman, the Boulder City chamber of commerce, and the architect. He took respondent Ozzie Kraft to the proposed location, secured copies of

the plans and specifications and assisted Kraft in preparing estimates, upon the basis of which Kraft was prepared to bid the job at a figure of $67,000.

In the latter part of August Kraft learned that due to his financial condition he was unable to qualify for the necessary bonds. He thereupon abandoned his plan to submit a bid.

About a week later Jay Tobler of the Tobler and Oliver Construction Company of Boulder City, knowing none of the parties to this suit, upon his own initiative consulted the architect about the job. He was primarily interested in the construction of the change house. The architect suggested that he see Kraft as an experienced pool contractor and consider joining with him in bidding on the job. Tobler saw Kraft, then making his acquaintance for the first time, and reinterested him in the project. Tobler and Kraft together computed the cost of the job. Whether to any extent they utilized computations or other work of the appellant does not appear in the record. It was their plan that respondents should bid on the job as prime contractor with Tobler and Oliver acting as subcontractor.

On September 10, 1957, the day of the bid, they were again advised that respondents could not qualify for the necessary bonds. Tobler and Oliver, however, could qualify. It was then agreed between them that Tobler and Oliver should submit the bid as prime contractor with Kraft acting as superintendent of the pool construction at a salary plus one-third of the profit on the job. The bid proposal was submitted by Tobler and Oliver in the sum of $62,771. It was accompanied by a proposal bond executed by Tobler and Oliver as principals. The bid was accepted, contract executed, and the work performed. The commission which appellant seeks is seven and one-half percent of $62,771.

Under these facts appellant cannot claim to have been responsible for the making of the successful bid or to have been the effective cause of the contract awarded. Nor can it be said that appellant was the effective cause of respondents' participation in the contract. Effective

cause has been defined as "a cause originating a series of events which, without break in their continuity, result in accomplishment of the prime objective of employment." J. & B. Motors, Inc. v. Margolis, 75 Ariz. 392, 257 P.2d 588, 592, 38 A.L.R.2d 946.

Respondents' participation was due entirely to Tobler's initiative. The series of events initiated by appellant had ended prior to Tobler's appearance on the scene. It was Tobler who initiated a new series of events which culminated in the making of the successful bid: a bid more than $3,000 lower than that contemplated by appellant.

Affirmed.

MCNAMEE and BADT, JJ., concur.