359 P.2d 63

Duane PARKER and Babetta Jo Parker, his wife; and Port Parker and Ella M. Parker, his wife, Appellants,

v.

STATE of Arizona ex rel. Wade CHURCH, Attorney General, Appellee.

No. 6968.

Supreme Court of Arizona.

Feb. 1, 1961.

Carl Tenney, Phoenix, and Sam J. Head, Prescott, for appellants.

Robert W. Pickrell, present Atty. Gen., Wade Church, former Atty. Gen., and Ralph L. Fenderson, Jr., former Asst. Atty. Gen., for appellee.

BERNSTEIN, Vice Chief Justice.

This is an appeal by Duane Parker and Babetta Jo Parker, his wife, and Port Parker and Ella M. Parker, his wife, (hereinafter referred to as "defendants") from a judgment in a condemnation suit wherein damages were awarded the defendants for the taking by the State of the defendants' rights of access along Black Canyon Highway, which damages the defendants consider inadequate. The case was tried to the court sitting without a jury.

The facts are, that in the early 1950s a new highway known as the Black Canyon Highway was constructed in Arizona. At the inception of the events, on which this appeal is based, this highway extended northerly from Phoenix past Cordes Junction to a point just within the Verde Valley in Yavapai County, approximately one and a half miles from the Verde River, where it abruptly ended. In March of 1955, the defendants exercising their option, obtained the preceding year, purchased land which they thought would lie adjacent to said highway if it were extended across the

Verde River and thence to Flagstaff, Arizona.

In 1956, the State Highway Department approached the defendants for easements for highway construction. After negotiations between the parties, the defendants granted the State certain easements in return for approaches, access rights and frontage service roads. The defendants then began to develop their properties in anticipation of the construction of the extension of the Black Canyon Highway.

Also in 1956, the Congress of the United States passed the Interstate Highway Act. This act, in the part material here, provided that highways coming under the Act as Interstate Highways were to be of limited and controlled access. After the highway was built in front of the defendants' properties, but before it was completed to Flagstaff, the State Highway Commission declared it part of the Interstate Highway System. The commission then abrogated their part of the easement agreement entered into with the defendants in 1956 whereby the State was to provide approaches, access rights and frontage service roads for the defendants' properties. On March 27, 1957, the State brought this action to condemn all rights of access owned and enjoyed by the defendants.

. On June 31, 1959, the trial court made its findings and award, and judgment was entered for the condemnation of the rights of access of the defendants and assessed their damages as follows: Duane Parker et ux. $16,270 and Port Parker et ux. $13,120. After the trial court denied the defendants' motion to vacate judgment and motion for new trial, this appeal was perfected.

The only problems that are raised in this appeal relate to the damages allowed by the trial court and whether the trial court abused its discretion in relation to certain evidentiary matters.

 The defendants in their first assignment of error contend the trial court erred in receiving, over the objection of the defendants, evidence as to the cost of the properties when they were first purchased by the defendants for the reason that the conditions had so changed by the time the condemnation suit was filed that said cost could no longer have any bearing or relationship to the true value of the rights of which they were being deprived. The price paid for land when acquired is important evidence in determining its present value when such land is taken by eminent domain. However, such price is only admissible if the sale was recent and voluntary and no change in conditions or marked fluctuations in values have occurred since said sale. Nichols on Eminent Domain, Vol. 4, § 12–311(1), page 53. When the defendants acquired their properties there was no highway constructed adjacent thereto and no definite plans were in existence to build one. Shortly after the defendants acquired the proper-

ties in question, the Highway Department approached them for easements for highway construction which they granted in return for access rights from their properties to the highway and other consideration. This easement agreement greatly enhanced the value of the defendants' properties in relation to what they had originally paid for same as testified to by the expert witnesses. The conditions and values of the properties having thus been greatly changed since the defendants originally acquired them, the price paid by the defendants had no probative value and was improperly received as evidence relating to their present value. However, we find from the record ample competent evidence as to the value of the properties given by the expert witnesses to support the judgment. As stated in Home Owners' Loan Corporation v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437, 442:

"* * * we assume that if the court received improper evidence it did not consider it but considered only the competent evidence. When a case is tried to the court without a jury, even though improper evidence is offered and received, if the competent evidence is sufficient to support the judgment it will be sustained regardless of the error."

See also American Eagle Fire Insurance Co. v. Van Denburgh, 76 Ariz. 1, 257 P.2d 856; Wamble v. Evants, 23 Ariz. 307, 203 P. 554.

In their second assignment of error the defendants contend that the trial court erred in rejecting the testimony and opinion of witness Wood as to the fair market values of the defendants' properties. Mr. Wood's qualification consisted of fourteen years experience conducting roadside businesses in the Gila Bend area. He first examined the defendants' properties a week before the trial. By virtue of his qualification the trial court found that Mr. Wood was qualified to testify as to the best use of the properties in question, but was not qualified as an expert in the Camp Verde area and thus did not permit him to testify as to the value of the properties.

The question as to the competency of a witness, whether or not an expert, to testify concerning the value of real estate is within the sound discretion of the trial court and will not be disturbed by this court except for abuse of such discretion. Board of Regents of University and State Colleges of Arizona v. Cannon, 86 Ariz. 176, 342 P.2d 207; State ex rel. Morrison v. Jay Six Cattle Co., Inc., 88 Ariz. 97, 353 P.2d 185.

"* * * Opinion evidence is also usually admitted from persons who are not strictly experts, but who from residing and doing business in the vicinity have familiarized themselves with

land values and are more able to form an opinion on the subject at issue than citizens generally. * * * It is apparent that the opinion of a witness should not be admitted where it appears that his opportunity for knowledge concerning the land was slight or that his knowledge was remote in point of time. The competency of witnesses testifying as to the value of the land taken is primarily for the court." 18 Am.Jur., Eminent Domain § 355.

To the same effect see State v. McDonald, 88 Ariz. 1, 352 P.2d 343; Board of Regents of University and State Colleges of Arizona v. Cannon, supra.

■ From the record it appears that Mr. Wood did not reside or do business in the Camp Verde area or in Yavapai County. Neither did he deal in the buying or selling of property. In fact, he made only one trip to the property in question and that was a week before the trial. After reviewing all the evidence we hold that the trial court did not abuse its discretion in refusing to permit Mr. Wood to testify as to the value of defendants' properties.

■ Defendants' third assignment of error complains of the exclusion of a certain highway traffic flow publication compiled by the State Highway Department. This publication consisted of a compilation of all the data gathered by the Highway Department of the State of Arizona with reference to the flow of traffic along various points on the highways of this state during the year 1957. If this document had been- admitted we do not believe it would have changed the outcome of the case in light of all the other evidence in the record. Whatever effect the flow of traffic or probable flow of traffic might have had on the value of the properties in question was amply adduced at the trial through the testimony of not only Mr. Wood, as to the best use of the properties, but also through the defendants' experts who testified as to the value before and after the taking of the access rights. Thus, the document, if admitted, would only have been cumulative.

"However, even where evidence is erroneously excluded, its exclusion is not reversible error if the outcome of the case is such that it would have been warranted, even had the excluded evidence been admitted, and the probabilities are such that its admission would not have changed the result." Odom v. First National Bank of Arizona, 85 Ariz. 238, 336 P.2d 141, 143. See also J. & B. Motors v. Margolis, 75 Ariz. 392, 257 P.2d 588, 38 A.L.R. 2d 946.

■ Lastly, the defendants contend that the decision, findings of fact and judgment are not justified by the evidence and are contrary to law and the greater weight of

the evidence. In order to establish the amount of damages suffered by the defendants, the parties placed five expert witnesses on the stand to testify as to their estimate of the damages. Suffice it to say that the witnesses did not agree on the amount of damages suffered by the defendants. In fact, the difference between the highest and lowest estimate was approximately $30,000. In each case the trial court fixed the amount of damages somewhat between the highest and the lowest estimate. In so doing it is not perceived in what respect the evidence is insufficient to support the judgment. It is true that the evidence would have supported a larger verdict, but the amount to be awarded, within the reasonable range of the evidence, was a question for the court to determine in this case. We cannot hold as a matter of law that the value was greater than that found by the trial court. East Bay Municipal Utility Dist. v. Kieffer, 99 Cal.App. 240, 278 P. 476, 279 P. 178; Maricopa County v. Shell Oil Company, 84 Ariz. 325, 327 P.2d 1005. See Orgel on Valuation Under the Law of Eminent Domain, Vol. 1, § 130, page 558 et seq. Since the judgment was based upon conflicting testimony and there being reasonable evidence in the record to support the same, the findings of the trial court will not be disturbed. Viliborghi v. Prescott School District, 55 Ariz. 230, 100 P. 2d 178.

The fourth assignment of error is not well taken for the reason that it is predicated solely on the assumption that the trial court did not take sufficient account of the easement granted by the defendants to the State Highway Commission. The trial court in its findings of fact expressly referred to the easement in question and from all the evidence in the record we cannot say he did not take it into sufficient account in rendering the judgment.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.