WILSON *v*. EX-CELL-O CORPORATION.

1. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—SUBCONTRACTING—INSTRUCTIONS TO JURY.

Trial judge's instruction to jury in action against employer for breach of anti-subcontracting provision of collective bargaining agreement that it could not find that there had been no subcontracting was not error where undisputed evidence showed that defendant had contracted with another company to buy parts after it had tried to make them itself but had found it could not practically produce them.

2. SAME — COLLECTIVE BARGAINING AGREEMENT — SUBCONTRACTING — JUSTIFICATION.

Justification for subcontracting was irrelevant in action for breach of anti-subcontracting clause in collective bargaining agreement.

3. TRIAL—DIRECTED VERDICT—EVIDENCE.

All evidence presented and all inferences from it must be examined in the light most favorable to the plaintiff whenever a defendant moves for a directed verdict.

4. LABOR RELATIONS — ANTI-SUBCONTRACTING CLAUSE — BREACH — PRIMA FACIE CASE.

Plaintiff in action for damages for breach of anti-subcontracting clause in collective bargaining agreement established *prima facie* case by presenting evidence from which jury could find that plaintiff's layoff was caused by defendant's subcontracting to an outside supplier.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] 31 Am Jur, Labor § 266.
[3] 53 Am Jur, Trial §§ 394, 395.
[6] 31 Am Jur, Jury §§ 177, 178.
[7] 31 Am Jur, Jury § 229 *et seq.*
[8] 34 Am Jur, Limitation of Actions **§ 260.**
[9] 30A Am Jur, Judges §§ 169, 170.

5. Same—Subcontracting—Evidence—Admissibility for One Purpose.

Plaintiff's motion for admission into evidence of purchase orders between defendant employer and outside supplier was properly granted for purpose of proving existence of a subcontract and such admission was not objectionable on grounds that the orders were arguably inadmissible on question whether subcontract was cause of plaintiff's layoff in action for violation of anti-subcontracting provision of collective bargaining agreement.

6. Jury—Voir Dire—Challenge for Cause—Union Membership.

Trial judge's ruling on *voir dire* that union membership of a juror or someone in his immediate family was not sufficient for excluding the juror for cause was not error where the case involved not a union-management labor dispute, but individual rights under a collective bargaining agreement.

7. Same—Peremptory Challenge.

Defendant cannot complain that it did not have an impartial jury where jurors whom trial judge refused to exclude for cause claimed by defendant were later excused on peremptory challenge by defendant.

8. Pleading—Amendment—Same Transaction—Statute of Limitations.

Trial judge was not in error in allowing plaintiff in action on anti-subcontracting clause in a collective bargaining agreement to amend declaration to revise the stated first date of his layoff back to a date beyond the period of the statute of limitations from the time of amendment since court rules allow relation back of an amendment to the date of original pleading whenever the claim asserted in the amendment arose out of the same conduct, transaction or occurrence set forth in original pleading (GCR 1963, 118.4).

9. Judges—Disqualification—Bias.

Statements made in good conscience by trial judge, that counsel for defendant were stalling, and expressing doubt about their good faith, *held,* not to show bias or prejudice such as would be grounds for disqualification.

Appeal from Wayne, Sullivan (Joseph A.), J. Submitted Division 1 June 9, 1967, at Detroit. (Docket No. 2,344.) Decided August 26, 1968. Re-

hearing denied December 13, 1968. Application for leave to appeal filed January 2, 1969.

Declaration by Claude Wilson against Ex-Cell-O Corporation, a Michigan corporation, for damages for breach of collective bargaining agreement. Judgment for plaintiff. Defendant appeals. Affirmed.

*Zwerdling, Miller, Klimist & Maurer*, for plaintiff.

*Fischer, Sprague, Franklin & Ford*, for defendant.

T. G. KAVANAGH, J. Plaintiff was employed by defendant at the latter's Martin Avenue plant in Detroit, and was in the classification and occupational group designated as "Miscellaneous Grind." In December, 1957, plaintiff was laid off because of lack of work. He was recalled to work in January, 1958, but was laid off again at the end of January and did not return to work until sometime in February. Plaintiff filed suit in December, 1962, claiming that his layoffs were the result of work having been subcontracted out by defendant to Badger Marine Hardware Company in violation of the provisions of the collective bargaining agreement to which defendant was a party. The jury returned a verdict for plaintiff, judgment was entered thereon, and defendant has appealed.

Defendant assigns as error the instruction by the judge to the jury that it was not free to find that there had been no subcontracting. The undisputed evidence at trial was to the effect that defendant contracted to sell to Pratt & Whitney Division of American Aircraft Corporation some jet engine nozzles, consisting of some 15 parts which were assembled in defendant's shops. Of the 15 parts,

4 were manufactured by defendant, 8 were bought ready-made from other manufacturers, and 3 were initially manufactured by defendant but later were manufactured by Badger Marine and purchased from it by defendant.

Counsel for defendant sought to question a witness about the work that was done at Badger Marine; plaintiff interposed an objection to his testimony, and after the matter was argued before the judge in the absence of the jury, the testimony was excluded. Defendant claims that testimony would have been elicited from this witness from which the jury could have found that there had been no subcontracting. During his argument counsel for defendant stated: "What I propose to show by this witness now is the reason for going to Badger Marine." He went on to explain that defendant had tried to make the parts but there were a large number of rejects and some new equipment would be necessary in order to make the parts suitable to Pratt & Whitney. This, he argued, was justification for not making the parts at defendant's shops.

The issues to be resolved in this case were (1) *whether* there was subcontracting, and (2) if so, whether it resulted in plaintiff's layoff. The *reason* for such subcontracting was relevant to neither issue and the testimony was properly excluded. Since defendant offered nothing to contradict plaintiff's evidence of subcontracting, the instruction of the court was correct.

Nor is there merit in defendant's contention that the court erred in denying its motion for directed verdict at the close of plaintiff's proofs. Upon viewing all the evidence presented and all legitimate inferences therefrom in the light most favorable to the plaintiff, as we must for purposes of the motion [see *Bronson* v. *J. L. Hudson Company* (1965), 376 Mich 98], it is clear that plaintiff had established

a *prima facie* case by presenting evidence from which the jury could (and did) find that plaintiff's layoff was the result of the subcontracting by defendant to Badger Marine.

Defendant next objects that the trial court erred in admitting into evidence plaintiff's exhibit no. 27 which consists of purchase orders between defendant and Badger Marine, and in failing to grant its motion to strike that exhibit from the record. In objecting to the admission of this evidence defendant argued that it was irrelevant and immaterial because it contained purchase orders for periods prior to and subsequent to plaintiff's layoffs and therefore had no connection with his layoffs.

The exhibit was offered by plaintiff for the purpose of proving that there was a subcontract, which was in issue in the case. The court correctly ruled the exhibit admissible to show a contractual relationship between defendant and Badger Marine. It is elementary that evidence admissible for one purpose is not to be excluded because it is inadmissible for another purpose. See *Simpson* v. *Burton* (1950), 328 Mich 557 and *Tabor* v. *Glover* (1924), 229 Mich 387. Furthermore, we reject defendant's contention that the purchase orders are irrelevant to the question whether the subcontracting which they represent resulted in plaintiff's layoff.

During the *voir dire* examination defendant challenged for cause three jurors who were union members or a member of whose immediate family belonged to a union. The judge ruled that the union membership of a juror or someone in his immediate family was not a sufficient basis for excusing the juror for cause. We do not agree with defendant that this ruling constituted reversible error.

"An impartial jury is all that a party is entitled to, and when he has obtained that he has no valid

ground for complaint." *Pearce* v. *Quincy Mining Co.* (1907), 149 Mich 112, 116, 117.

The record in the case at bar shows that those jurors whom the court refused to excuse upon defendant's challenge for cause were later excused on peremptory challenge by defendant. Accordingly, defendant may not complain that it did not have an impartial jury. Moreover, it might be well to point out that this matter is not a union-management labor dispute, nor is one of the parties a union. The jurors were examined with regard to bias and prejudice and found to be qualified. We do not think that membership in a union would disqualify a juror *per se*.

The declaration filed in this matter by plaintiff alleged that sometime prior to 1957 defendant began to subcontract work which resulted in plaintiff's layoff on January 31, 1958. At the pre-trial conference the court permitted plaintiff to amend the declaration to state that December 13, 1957, was the first day of his layoff. Defendant asserts that to permit the amendment was error because it allowed plaintiff to add a cause of action that was barred by the statute of limitations. CLS 1961, § 600.5807 (Stat Ann 1962 Rev § 27A.5807). With regard to the amendment of pleadings GCR 1963, 118.4 provides:

"Except for the purpose of demanding a trial by jury under subrule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."

In the case at bar the claim asserted in the amended pleading clearly arose out of the conduct—

*i.e.,* subcontracting commenced "sometime prior to 1957"—which was set forth in the original pleading. The Michigan Supreme Court has held, in *La Bar* v. *Cooper* (1965), 376 Mich 401, that a claim set forth in an amended pleading is not barred by the statute of limitations when it arises out of the conduct, transaction or occurrences set forth in the original pleading. The Court quoted and adopted the following reasoning of the United States Supreme Court in *Tiller* v. *Atlantic Coast Line R. Co.* (1945), 323 US 574, 581 (65 S Ct 421, 89 L Ed 465):

"There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard."

Accordingly, the amendment in the case at bar related back to the date of the original declaration and was not barred by the statute of limitations. We hold that the trial court properly permitted the amendment.

We come, finally, to defendant's contention that the trial judge should have been disqualified for bias, and we find the contention to be completely lacking in merit. Defendant relies upon statements by the judge that counsel for defendant were stalling the case and expressing doubt about their good faith.

The question of bias was brought before another circuit judge who ruled that it was proper for a judge to express himself if he in good conscience believes that a lawyer or litigant is intentionally prolonging litigation and that such an expression does not support a charge of bias or prejudice. We think that this ruling was correct. See *Mahlen Land Corporation* v. *Kurtz* (1959), 355 Mich 340 wherein the Court said:

"Every court, and every member of every appellate court, must form an opinion as to the merits of the matters before him, often, as to the *bona fides* of the parties. This opinion, pro or con, cannot constitute bias and prejudice." p 350.

Affirmed with costs to appellee.

Fitzgerald, P. J., and Levin, J., concurred.