483 P.2d 47

Julius ALTSCHUL and Blanche Altschul,
his wife, Appellants,

v.

SALT RIVER PROJECT AGRICULTURAL
IMPROVEMENT & POWER DISTRICT, a
political subdivision of the State of Ari-
zona, Appellee.

No. I CA–CIV I147.

Court of Appeals of Arizona,
Division 1,
Department B.

March 31, 1971.

Rehearing Denied April 28, 1971.

Review Denied May 25, 1971.

Streich, Lang, Weeks, Cardon & French, William P. French, Phoenix, for appellants.

Jennings, Strouss & Salmon, by Hamilton E. McRae, III, Phoenix, for appellee.

EUBANK, Judge.

This is an appeal by condemnees from a judgment based upon a jury verdict in an eminent domain proceeding.

On March 7, 1967, the date of taking, the appellee which we shall refer to as the "Salt River Project" condemned a power line easement over a strip of land 130 feet wide, totaling 5.81 acres, along the westerly border of an undeveloped 70-acre tract of land owned by the appellants Julius and Blanche Altschul. The land is located at the intersection of 119th Avenue and Van Buren Street in Maricopa County. The Altschuls purchased the then-slightly-larger tract in January of 1960, and the principal issue on appeal relates to the admissibility of the $92,000 purchase price which they paid for the property. We shall proceed directly to that issue.

At the rtial, which was solely to determine just compensation, Julius Altschul in response to questions from his own counsel on direct examination went into considerable detail concerning his reasons for purchasing the land in 1960. In the course of this testimony, Altschul acknowledged that in purchasing the property he and his wife were "dealing in the marketplace". Near the beginning of his cross-examination of Altschul, appellee's counsel asked the question, "You paid $92,000 for it?" Altschul answered, "Correct." Appellants' counsel then objected to the question and moved for a mistrial, on the ground that the purchase price had no probative significance to a determination of value at the time of taking. In overruling the objection and

denying the motion for mistrial, the trial judge stated:

"There has been an inquiry by [appellants' counsel] * * * surrounding the purchase. Some facts have been disclosed—everything except the purchase price. It may have some bearing. It might have some materiality. It might be helpful to the jury. I do think it is admissible. Motion denied. Objection overruled and the answer may stand."

In contending that the trial judge erred, appellants emphasize the second sentence of the following passage from Parker v. State ex rel. Church, 89 Ariz. 124, 126, 359 P.2d 63, 64 (1961):

"The price paid for land when acquired is important evidence in determining its present value when such land is taken by eminent domain. However, such price is only admissible if the sale was recent and voluntary and no change in conditions or marked fluctuations in values have occurred since said sale. Nichols on Eminent Domain, Vol. 4, § 12–311(1), page 53."

Appellants urge that the seven year lapse between purchase and taking, together with various changes in conditions, require a holding that the purchase price was not probative evidence of value. Appellants also urge that their motion for mistrial should have been granted because appellee's counsel himself stated the purchase price within his question to Altschul rather than seeking to elicit the figure from the witness in a manner that would have given appellants a prior opportunity to object. Appellee responsively contends, *inter alia,* that the purchase price was admissible evidence as to value and that even if it was not, appellants themselves "opened the door" to the inquiry.

The general rule appears to be that the trial judge has a considerable measure of discretion in determining whether the purchase price paid by a condemnee meets the criteria for admissibility indicated in the Parker case, supra. See Annot., 55 A.L.R.2d 791, (Evidence—Con-

demned Realty—Price Paid), at 811–812 (1957). We do not read Parker, which concerned a striking change of circumstances, to the contrary. Nor do we think that in a "borderline" or "gray area" case Parker precludes an application of the principle that the lapse of time between purchase and taking goes to the weight to be attached to the purchase price, and not to its admissibility. See, e. g., Carlstrom v. United States, 275 F.2d 802, 809 (9 Cir. 1960.)

Beyond these general considerations, courts have quite frequently upheld admissibility of prices paid on purchases occurring seven or more years prior to taking. See, e. g., United States v. Becktold Co., 129 F.2d 473, 479 (8 Cir. 1942) (fourteen years); City of Baltimore v. Schreiber, 243 Md. 546, 221 A.2d 663, 665–666 (1966) (ten years); Myers v. Arkansas State Highway Commission, 238 Ark. 734, 384 S.W.2d 258, 259 (1964) (nine years); Schmailzl v. State Department of Roads, 176 Neb. 617, 126 N.W.2d 821, 824 (1964) (eleven years). A more comprehensive collection of the cases may be found in section [5] of the annotation at 55 A.L.R. 2d 791, 804 et seq., as supplemented.

■ In our opinion, the trial judge did not abuse his discretion in holding the purchase price here in issue admissible. The land was concededly purchased on the open market. Neighboring land was sold in 1966 at a price near that which the Altschuls paid for their land on a per-acre basis. Appellants had their land rezoned from a rural classification to a classification that would permit development of a mobile home park in late 1966, and at the trial they presented some evidence tending to show a change of economic circumstances in surrounding areas. The circumstances revealed were not, in our view, either literally or figuratively "close enough to home" to compel rejection of the 1960 purchase price.

■ Appellants emphasize that the question was not proper as a matter of form, in that it left the trial judge with an evidentiary *fait accompli* rather than an opportunity to determine first whether an adequate predicate for admissibility had been laid. Clearly, the proper procedure is to lay a foundation for introduction of the purchase price as evidence and then make inquiry as to its amount, so that the opposing party may object and obtain a ruling on admissibility before the cat is out of the bag. *See* Thompson v. State, 319 S.W.2d 368 (Tex.Civ.App.1958), the procedural principles of which accord with Parker, supra. It is another matter, however, to base a claim of reversible error *solely* upon the form of the question, apart from the question of admissibility of the purchase price. While we cannot approve of the form of the question here in issue, we think that the appellants' own testimony on direct examination made out at least the bare bones of a predicate for admissibility, and we can also state with certainty, at least as a matter of hindsight, in view of the whole record that admission of the purchase price was not an abuse of discretion.

■ Appellants also contend that the trial judge erred in admitting into evidence an aerial photograph showing power lines constructed adjacent to a mobile home development in or near the city of Mesa. The photograph was admitted "for illustrative purposes" in connection with the testimony of an appraiser who testified for appellee on the subject of severance damages. Appellants do not suggest that the photograph does not accurately portray its subject matter, to which testimony of the appraiser had reference. While appellants object to the picture as "hearsay", the real thrust of their objection in the trial court seems to have been to the fact that the appraiser based his opinion as to severance damage valuation in part upon a conversation with the developers and home owners of the mobile home development. If appellant had had a valid objection to the admission of the photograph itself, we think he failed to make it clear to the trial judge. A great deal of related evidence on the same issue was admitted without objection, and even if admission of the photo-

graph had been error, we do not think it would rise above the harmless level.

Appellants' last contention is that under all of the circumstances of the case the trial judge abused his discretion in denying their motion for a new trial. The jury's verdict as to both just compensation for taking and severance damages has support in the evidence. We find no abuse of discretion in denying appellants a second trial.

Judgment affirmed.

JACOBSON, P. J., and HAIRE, J., concur.