569 P.2d 230

**Robert E. WASKO and Mary Agnes Wasko, husband and wife, Appellants,**

v.

**Mark E. FRANKEL, Appellee.**

**No. 13140–PR.**

Supreme Court of Arizona, In Banc.

Sept. 13, 1977.

**STRUCKMEYER, Vice Chief Justice.**

Mary Agnes Wasko and her husband, Robert E. Wasko, brought this action in the Superior Court against Mark E. Frankel, M.D., to recover for negligence in performing disc surgery upon Mrs. Wasko. The jury returned a judgment in favor of Frankel. The Court of Appeals, Division Two, affirmed the judgment in a memorandum decision, filed February 8, 1977. We granted review. Decision of the Court of Appeals vacated and judgment of the Superior Court reversed.

The Waskos urge that the trial court erred when it did not strike two members of the jury panel for cause.

Rule 47(c)(4) and (5) of the Arizona Rules of Civil Procedure provides for challenges of prospective jurors for cause if:

"4. Having formed or expressed an unqualified opinion or belief as to the merits of the action or showing such a state of mind as will preclude the juror from rendering a just verdict, but in the trial of any action the fact that a person called as a juror has formed an opinion or impression based upon rumor or newspaper statements about the truth of which he has expressed no opinion shall not disqualify him to serve as a juror in such action, if he, upon oath, states that he believes he can fairly and impartially render a verdict therein in accordance with the law and evidence, and the court is satisfied of the truth of such statement.

5. The existence of a state of mind evincing enmity or bias for or against either party."

Whether a challenge is to be allowed is largely within the discretion of the trial judge and his discretion will not be disturbed in the absence of abuse of his actions. *J. & B. Motors, Inc. v. Margolis,* 75 Ariz. 392, 257 P.2d 588 (1953). Of course

**290**

the discretion to be exercised must be a sound, judicial discretion. We need only examine one of the two jurors complained of to determine that the court did not exercise a sound, judicial discretion.

One of the jurors to which the Waskos objected had experienced back problems. He stated that anyone who underwent a disc operation and could be "up and about" should be thankful for the help he received. He also said that if "a person undergoes that type of thing and ends up being able to be on their feet, it seems kind of hard to be suing someone for malpractice." When questioned by the Waskos' counsel, the juror acknowledged having read about malpractice problems, discussed it with acquaintances in medicine, and formed definite opinions. Upon repeated inquiries by counsel as to whether he could disregard his opinions and give a fair consideration to the evidence, the juror would not answer affirmatively and continually indicated it would be difficult.

Frankel asserts that even if the juror should have been stricken for cause, there was no prejudice to the Waskos because the juror was dismissed by peremptory challenges. It is the Waskos' position, however, that it is prejudicial error to compel a party to waste one of its peremptory challenges to accomplish that which the trial judge should have done. At least one jurisdiction which has considered this argument has adopted it. *Crawford v. Manning*, 542 P.2d 1091 (Utah 1975). There are three jurisdictions which it might be said have interpretations to the contrary. See *Williams v. Hendrickson*, 189 Kan. 673, 371 P.2d 188 (1962) (dicta); *Wilson v. Ex-Cell-O Corp.*, 12 Mich.App. 637, 163 N.W.2d 492 (1968) (dicta); *Love v. Harvey*, 448 P.2d 456 (Okl. 1968).

■ The right of a party to peremptory challenges is a substantial right of which he should not be deprived. *Moran v. Jones*, 75 Ariz. 175, 253 P.2d 891 (1953); *Penaskovic v. F. W. Woolworth Co.*, 20 Ariz.App. 403, 513 P.2d 692 (1973); *Board of Trustees v. McEwen*, 6 Ariz.App. 148, 430 P.2d 727 (1967); *see State v. Thompson*, 68 Ariz. 386,

206 P.2d 1037 (1949). Peremptory challenges form an effective method of assuring the fairness of a jury trial. Hence, forcing a party to use his peremptory challenges to strike jurors who should have been stricken for cause denies the litigant a substantial right.

As the Utah court said:

"By exercising one of their peremptory challenges upon this prospective juror, plaintiffs had only two remaining. The juror which remained because the plaintiffs had no challenge to remove him may have been a hawk amid seven doves and imposed his will upon them.

A party is entitled to exercise his three peremptory challenges upon impartial prospective jurors, and he should not be compelled to waste one in order to accomplish that which the trial judge should have done." *Crawford v. Manning*, 542 P.2d at 1093.

■ The Waskos also urge that the trial court should have considered the affidavit of a juror as to jury misconduct when it heard their motion for a new trial. We are not, however, convinced that we should reverse our long-held view that an affidavit of a juror cannot be used to impeach a jury verdict. *Hall v. Delvat*, 95 Ariz. 286, 389 P.2d 692 (1964); *Southern Pacific R. R. v. Mitchell*, 80 Ariz. 50, 292 P.2d 827 (1956); *Wilson v. Wiggins*, 54 Ariz. 240, 94 P.2d 870 (1939).

The judgment is reversed with directions to enter an order granting a new trial.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.