CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1869.

## THE OREGON CASCADES R. R. CO., PLAINTIFF, *v.* THE OREGON STEAM NAVIGATION CO., INTÉRVENOR.

NEW TRIAL—PREPONDERANCE OF EVIDENCE.—A verdict that is subject to on other objection, should not be set aside because the Judge differs from the jury, as to the preponderance of evidence.

POSSESSION—EVIDENCE OF TITLE.—Quiet and exclusive possession is evidence of title, until a better title is claimed and shown by another.

IDEM—A railway corporation cannot procure a judicial condemnation of lands, when it can agree with the owner, as to its purchase.

NEW TRIAL—JUROR'S AFFIDAVIT.—It would be of dangerous tendency to set aside a verdict, on the ground that the juror has, after the trial, a different conception of the law, or of the facts, from that under which the verdict was rendered. A juror's affidavit cannot be received to show a mistake in making up the verdict.

WAIVER OF OBJECTION.—When a view has been had and counsel have accompanied the jury, and knowing the facts, consent to conclude the trial, it is too late after verdict, to raise the point that the jury did not have a full view of the premises.

THE jury having rendered a verdict in favor of the intervenor, the Oregon Steam Navigation Company, the defendant filed a motion for a new trial. The exceptions are stated in the opinion filed.

*W. W. Chapman* and *Mitchell, Dolph* and *Smith,* for the plaintiff.

*Logan & Shattuck* and *Wm. Strong,* for the intervenor.

UPTON, J. The point first presented by the plaintiff as ground for a new trial, is, that the evidence is insufficient to sustain the verdict. To sustain the allegation of failure of evidence, these points are presented:

1st. That the defendant had abandoned the use of the premises for railway purposes. On this subject the evidence is conflicting. A verdict that is subject to no other objection should not be set aside because the judge may differ from the jury as to the preponderance of evidence.

2d. That the defendants proved no ownership of the land.

I think the evidence shows the intervenor to be owner in fee by legal title. Be that as it may, the intervenor was unquestionably in the quiet and exclusive possession. This is evidence of title until a better title is claimed and shown by another.

3d. That the land had not been condemned by a court to the use of the defendants. A railway corporation is not empowered to procure lands to be condemned by the judgment of a court, if it can agree with the owner and can purchase. It necessarily follows that the right of way may be obtained by purchase without resorting to an action.

The next point is one that was sternuously urged both on the trial and on the argument of this motion. When clearly stated it amounts to this: the land in question is the only pass through the Cascade mountains, lying in this state, and both plaintff's and defendant's roads might be operated

within the sixty feet.    This point is fully answered by saying the complaint in this case demands the whole sixty feet.

Another ground for asking a new trial is based on alleged misconduct of the adverse party.

In support of this ground two affidavits are produced; one is that of a juror who deposes that he was not taken on to the ground *in Washington Territory;* and gives a detailed statement as to how he understood the instructions of the court.    The. other is that of counsel in the case, who deposes that the jury was not taken into Washington Territory, and states the reasons that induced him to consent to go to trial with less than twelve jurors.

The affidavit of the juror is inadmissible to impeach the verdict, or even to show a mistake in making up the verdict.    (4 John. 487; 5 Cow. 106; 6 Id. 53.)    Nor can it be received to show what passed in the jury room.    (2 Tyler 11; 3 Gil. & John. 473.)    Nor on account of an afterthought of the juror.    (2 Sayre 35.)

It would be of dangerous tendency to permit jurors to reconsider their verdict after they have been discharged, upon the ground that they now have a different conception, either of the facts or the law, from that under which the verdict was rendered.    It would be permitting parties and counsel to retry their cases upon *ex parte* arguments addressed to individual jurors, who, from natural commiseration for the losing party, are not only open to new impressions inconsistent with the whole truth of the case, but are liable to be led into concessions and statements, imprudently or carelessly made, which, being once made, it is difficult for them to retract or to explain without appearing discourteous, or even appearing to be partisans in an affair that is not their own.    Besides these considerations, we know that affidavits drawn by counsel to meet a particular point in cases of this kind, would frequently fail to disclose a full statement of the concessions thus incautiously made by jurors, with the reasons and the reservations that accompany them.    Admitting such affidavits would open a new and alarming source of litigation, and if practiced it would be difficult to say when an action would terminate.

One point set up by the affidavits is that the intervenor having volunteered to convey the jury in its steamboat, the jurors were not taken over that railroad at the Cascades, which is in Washington Territory.

A person was selected, with the approbation of both parties, to show the jury the premises in controversy. He was instructed to point out to the jury the particular lands claimed by the plaintiff, and the lines and monuments of the survey of the premises. And the jury were instructed that in making the view it was their privilege and duty to observe the geography of the surrounding country. Nearly the entire line of the railroad which is in Washington Territory can be seen from the places which the jury visited. No instructions were given that the jury should be taken beyond the bounds of the state, nor is it necessary now to express any opinion as to the propriety of such an act, or as to the power of the court to direct it. One of the plaintiff's counsel went with the jury, and probably knew all that is now known on the point here raised, before consent was given by him to proceed with the trial with eleven jurors.

It was in his power then to refuse to go on without further proceedings in regard to the view, one of the twelve jurors who had been selected and sworn, having failed to accompany his fellow jurors to place of the view. With a knowledge of the facts, the plaintiff's counsel consented to excuse that juror and go to trial with eleven jurors without further view. There is no ground for this objection after such consent, given with a knowledge of the facts. Besides this, it is difficult for one having a knowledge of the locality, to come to the conclusion that one could go up one side of the river at that place with a desire to learn the facts, without being supposed to understand the nature of the ground on both sides, or without being able to understand the evidence relating to the character and situation of the roads on the respective sides of the river, and relating to the nature of the business transacted on the Washington Territory side.

Several errors of law are assigned.

The first, second, third and fourth points under this head

are founded on misapprehension as to what is contained in the written instructions read to the jury, and now on file.

The fifth relates to the point previously mentioned, that the land was not condemed to the intervenor's use by a court, but only acquired by the ordinary mode of conveyance.

The motion for a new trial must be overruled.