Argued January 12, affirmed February 1, petition
for rehearing denied February 15, 1956

# WHISNANT *v.* HOLLAND

292 P. 2d 1087

*Hugh B. Collins,* Medford, argued the cause for appellant. With him on the briefs was William F. Johnson, Grants Pass.

*Samuel M. Bowe,* Grants Pass, argued the cause for respondent. On the brief were Bowe & Martin, Grants Pass.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE, and PERRY, Justices.

PER CURIAM.

The plaintiff, a child of the age of five years, brought suit, by her guardian, against the defendant Prince L. Holland to recover damages for personal injuries received while riding as a passenger in an automobile driven by her father, C. W. Whisnant, which was involved in a collision with the Holland motor vehicle.

The jury returned a verdict for the defendant, and the plaintiff appeals.

The plaintiff assigns error in the trial court arising from the following occurrence:

After the case had been fully submitted to the jury, and that body had retired to the jury room to deliberate, the foreman of the jury requested of the bailiff further instructions as follows: "Can you give me some instructions on the negligence of both drivers?" The bailiff answered: "I can't even talk to you. I've got to see the Judge." The bailiff at the hearing on the motion for new trial was questioned as follows:

> "Q Am I correct in assuming that you never did tell Judge Millard that the jury wanted Judge Millard to give them further instructions?
>
> "A Not altogether. Not in full. Part of it."

Judge Millard, at the request of counsel, stated he had the bailiff come to his chambers "*   *   * and there he informed me that the jury or some member of the jury, didn't say, as I recall, whether it was the foreman or not, had asked him, but I got the idea it was the foreman, had asked him about some instructions the court had given at the conclusion of the trial. Well, perhaps rather abruptly I cautioned Mr. Swacker that

he didn't have any right to talk over the case with the jury, and all he could do was ask them the verdict agreed upon, and I think that some comment was made * * * to the effect that if the jury was concerned about the matter no doubt they would request further instructions or be in for instructions, and there the matter was concluded." The bailiff then returned to the jury room, advising them he (the bailiff) "couldn't give them any instructions." Sometime thereafter, without returning into open court for further instructions, the jury returned its verdict for the defendant.

The plaintiff states her contention as regards this incident as follows:

"The jury had been instructed that any negligence of the driver of the car in which plaintiff rode was not imputable to her, and they were instructed that the defendant need not anticipate that 'plaintiff's car' would be on the wrong side of the road. Exception was taken to this latter instruction as being outside the issue and charging the five year old plaintiff with responsibility for operation of the car in which she rode. After retiring, the jury requested the bailiff to inform the court that they wanted additional instructions upon the effect of concurrent negligence of the driver of the car in which plaintiff rode and of the defendant, proximately causing the collision, upon plaintiff's right to recover. Perhaps the bailiff and the court did not understand one another; at any rate, the court never did hear the jury's problem and determine whether or not to re-instruct them."

"Had the judge considered the jury's request, it would have been an abuse of discretion to deny it. The instructions already given on the point in doubt were, to say the least, contradictory and somewhat ambiguous, the jury acknowledged its own confusion, and the vice of the instruction had previously been called to the judge's attention by exception."

To further support plaintiff's position as to the confusion, she presented the affidavits of three jurors which are to the effect that they were of the impression "that the plaintiff could not recover under any circumstances if the driver of the car in which she rode was negligent, even though the defendant was negligent."

The defendant has presented affidavits of a sufficient number of jurors to have returned the verdict as rendered in this cause, to the effect that their individual judgment in voting upon the verdict was based upon finding the defendant not negligent.

The conclusion to be drawn from the affidavits presented by the plaintiff is that some of the jurors misunderstood the instructions of the trial judge and based their verdict upon a misconception of the law.

■ The rule is well-established in this jurisdiction that affidavits of jurors may not be received to impeach their verdict. *State v. Imlah,* 204 Or 43, 281 P2d 973; *Sullivan et al., v. Carpenter,* 184 Or 485, 199 P2d 655, and cases cited therein. This includes attempted impeachment of a verdict based upon a juror's misunderstanding of the instructions of the trial court or his mistake as to the evidence. *Ore. Cas. R. R. Co. v. Ore. S. Nav. Co.,* 3 Or 178.

We cannot, therefore, consider the affidavits of the jurors presented by the plaintiff.

■ The trial court expressly instructed the jury as follows:

"If you should find that the collision was due partly to the negligence of the Defendant Holland and partly to the negligence of the driver of the car in which the Plaintiff, Kay Adele Whisnant, rode, and that such negligence was the proximate cause of the injury in this collision, your verdict must be

in favor of Kay, the Plaintiff, and against the Defendant, because it is the law that a child is not responsible or chargeable with any actions of the person driving the car in which she was a passenger.''

This instruction does not in anywise conflict with the instruction given to the effect that persons need not anticipate negligence on the part of other operators upon the highway, and thus it was not negligent for the defendant to fail to anticipate the presence of the plaintiff's vehicle approaching upon defendant's side of the roadway in the absence of notice to the contrary. Each instruction bears upon a different phase of the case. The first dealing with concurrent negligence of the drivers of the automobiles, as it affected plaintiff's right of recovery; and the latter with whether or not the defendant was negligent if a given set of circumstances were found by the jury to exist.

■ The instructions cannot be considered piecemeal; they must be considered as a whole. *Denton v. Arnstein,* 197 Or 28, 250 P2d 407; *Whitehead v. Montgomery Ward & Co., Inc.,* 194 Or 186, 239 P2d 226.

■■ Should we consider what occurred as though the trial court had received and understood the request of the jury for further instructions, the trial court would not have been in error in refusing to repeat his previous instruction, which was clear and positive, because little time had passed since the giving of the instruction, and we cannot believe a juror would have forgotten the instruction in so short an interval. On the other hand, should we consider that the bailiff failed in his duty to inform the court of the jury's request, and thus the discretion residing in the court was not exercised (*State v. Vaughn,* 200 Or 275, 265 P2d 249), we are of the opinion that, since the instruction as given

was clear and positive and not subject to being confused or soon forgotten, and, also, since each juror was polled regarding his verdict, and had any doubt existed in the mind of any juror he was free at this time to so advise the court, any error in this respect was not prejudicial to the rights of the plaintiff.

■ At this point, we suggest that trial courts should instruct their bailiffs that whenever a request for information is made by a jury the court should be at once informed, not as to the nature of the information desired, but merely that they desire information, and the trial court, without comment, should then bring the jury into open court and there receive the requests, thus giving the trial court a truer picture as to whether or not in the furtherance of justice he should act in accordance with his discretion and in accordance with the commands of ORS 17.325.

■■ The plaintiff also assigns as error the giving by the trial court of the following instruction:

"It is a rule of law that no person need anticipate negligence on the part of any other person, and a motor vehicle operator may at all times assume, until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary, that other persons using the highway will exercise due care and observe the law and to act accordingly. If you find that the Defendant in this case was proceeding in a careful and prudent manner, considering the conditions existing at the time, then he had a right to assume that Plaintiff's automobile would be doing likewise, in the absence of notice to the contrary or by exercise of due care on his part he should and would have known to the contrary, and the Defendant was not required to anticipate the fact, if such was the fact, that Plaintiff's car would be on the Defendant's side of the road, and the Defendant

cannot be charged with negligence by reason of his failure to anticipate such fact, if such was the fact, in the absence of a showing that the Defendant knew or by the exercise of due care and caution on his part should and would have known such to be the fact, if such was the fact, and have reasonable time and opportunity to act to avoid the collision.''

for the reason that the defendant may not show that the negligence of a third party for whose negligence this plaintiff was not liable was the proximate cause of the collision, unless the same has been pleaded as a defense; relying upon *Smith v. Pac. N.W. Pub. Ser. Co.,* 146 Or 422, 431, 29 P2d 819, where this court stated:

"* * * While it may have been a material matter had it been pleaded and made an issue in the case, it was not proper for the court to instruct upon a question which was not an issue both by the pleadings and the evidence. See Schropshire v. Pickwick Stages, 85 Cal. App. 216 (258 P. 1107). There the court held, in construing code provisions similar to ours, that the allegation to the effect that the accident was caused solely by the negligence of a third party was new matter constituting an affirmative defense which brings into the case new matter not raised by the complaint.''

The court in the Smith case must have overlooked its previous holdings upon this issue of law, and the clear reasons therefor as set out in *Sylvis v. Hays,* 138 Or 418, 6 P2d 1098, *Brown v. Jones,* 137 Or 520, 3 P2d 768, and *Multnomah Co. v. Willamette T. Co.,* 49 Or 204, 89 P 389. The holding of *Smith v. Pac. N.W. Pub. Ser. Co.,* supra, in conflict with our previous decisions, is expressly overruled.

From a careful examination of the entire record we are satisfied no reversible error was committed.

The judgment is affirmed.