622 P.2d 44

**Aaron R. OTT, Jr. and Karen J. Ott, his wife, Plaintiffs-Appellants,**

v.

**SAMARITAN HEALTH SERVICE, an Arizona Corporation, Defendant-Appellee.**

**No. 1 CA–CIV 4371.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 9, 1980.

Rehearing Denied Dec. 10, 1980.

Review Denied Dec. 23, 1980.

Treon, Warnicke, Dann & Roush, P. A., by Michael J. Valder and Charles D. Roush, Phoenix, for plaintiffs-appellants.

Weyl, Guyer, MacBan & Olson by Barry A. MacBan and Burch & Cracchiolo, P. A. by Daniel Cracchiolo and Daryl D. Manhart, Phoenix, for defendant-appellee.

## OPINION

O'CONNOR, Judge.

This is an appeal by appellants, Aaron R. Ott, Jr., and Karen J. Ott, his wife, who were plaintiffs in a medical malpractice action, from a judgment against them after a trial in the Superior Court of Maricopa County, from the trial court's denial of their motion for new trial, and from a judgment against them for jury fees and costs. Appellant, Aaron R. Ott, Jr., had been a patient in the rehabilitation unit of Good Samaritan Hospital for long-term rehabilitation treatment following an accident resulting in head injuries. He had suffered brain damage with impaired balance, coordination, vision, and memory. On his tenth day at the hospital, he returned to his hospital room alone in his wheelchair after dinner. He was found soon afterwards on the floor of his room with a broken hip. Thereafter, he suffered complications from the hip injury which resulted in several surgeries and a hip replacement. Appellants filed suit against appellee, alleging that Mr. Ott's broken hip and its consequences were the result of appellee's negligence in allowing

him to return to his room alone. The jury returned a defense verdict for appellee, and the judgment was entered accordingly.

Appellants assert on appeal that they are entitled to a new trial by virtue of various prejudicial errors and rulings of the trial court during the trial which was conducted in April and May, 1977.

## RIGHT TO READ BOTH DIRECT AND CROSS–EXAMINATION OF DECEASED DEPONENT

■ Appellants assert that the trial court committed prejudicial error when it refused to allow appellants to read the cross-examination portion of a deposition of a deceased witness, Michael Wright. Appellants had taken Mr. Wright's deposition prior to trial. Mr. Wright had been an employee of appellee and had rendered care to Mr. Ott prior to his injury on October 9. Appellee objected to the reading at trial of its cross-examination of Mr. Wright at his deposition on the grounds that the deposition testimony was a substitute for the witness' actual testimony at trial and that appellants had elected to read the witness' deposition, thereby making him their witness and limiting them to merely their own direct examination of the witness.

Rule 32, Rules of Civil Procedure, provided in part as follows at the time of the trial in April and May, 1977:[1]

32(a) *Use of Depositions.* At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

\*      \*      \*      \*      \*      \*

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead;

\*      \*      \*      \*      \*      \*

(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts.

\*      \*      \*      \*      \*      \*

(b) *Objections to Admissibility.* Subject to the provisions of Rules 28(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

(c) *Effect of Taking or Using Depositions.* A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition under subdivision (a)(2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party.

No reported Arizona decision has been found which addresses the issue of the right of the party offering the deposition to read the cross-examination as well as the direct testimony of the deponent.[2]

---

1. Subsection (c) of Rule 32, Rules of Civil Procedure, was deleted June 1, 1977, effective Sept. 1, 1977, after the trial in this case. The comment to the rule indicates that "No change in Arizona procedure is intended [by the deletion]."

2. Appellants have cited *Edwards v. Van Voorhis*, 11 Ariz.App. 216, 463 P.2d 111 (1970) and *Martino v. Frumkin*, 11 Ariz.App. 160, 462 P.2d 853 (1970) in support of their position; however, neither case reflects that any objection was made to the reading of the cross-examination portion of the deposition at trial and the issue was not discussed.

Appellee has cited *Andrews v. Olin Mathieson Chemical Corporation*, 334 F.2d 422 (8th Cir., 1964), and *Cullers v. Commissioner of Internal Revenue*, 237 F.2d 611 (8th Cir., 1956). *Cullers* involved a Tax Court proceeding to determine the value of a farm for gift tax purposes. The taxpayer had taken the deposition of a neighboring landowner, but he did not offer the deposition at trial, nor did he call the deponent as a witness. The Commissioner of Internal Revenue, however, attempted to offer the deposition at trial. The taxpayer objected to the offer unless the Commissioner made the deponent his own witness, which the Commissioner agreed to do. The taxpayer then objected to admission of the cross-examination portion of the deposition. The Tax Court sustained the objection. The 8th Circuit Court of Appeals held:

It is noted that Overton [the deponent] was a witness and that no showing, so far as the record discloses, was made by the Commissioner that he had met any of the requirements of Rule 26(d)(3), Fed.Rules Civ.Proc. 28 U.S.C.A., pertaining to the admission of depositions of witnesses, nor is there any finding by the court that the Commissioner had met any such requirements. Absent a showing entitling the Commissioner to introduce the deposition, there appears to be considerable merit to taxpayers' contention that the admission of the deposition is limited to the direct examination of Overton .... The court clearly limited the offer of the deposition to direct examination, and the Commissioner agreed to this limitation.

237 F.2d at 615. Thus, the *Cullers* case did not involve the use at trial of a deposition of a deceased or absent witness under the applicable federal rule.

*Andrews* was a personal injury case. At trial the plaintiffs read to the jury the direct testimony of two medical witnesses. The defendant waived reading the cross-examination of one witness, and read selected portions from the other witness' cross-examination. Plaintiffs then sought to adopt the cross-examination of the first witness as their own, but the court sustained a defense objection. The court also limited plaintiffs to reading only the portions of the other witness' cross-examination which were relevant to the portions read by the defendant. The 8th Circuit Court of Appeals found no error, citing rule 26(d)(4) of the Federal Rules of Civil Procedure[3] (which is similar to rule 32(a)(4) of the Arizona Rules of Civil Procedure), to wit: "If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced ..." The Court of Appeals also held that neither the record nor the briefs reflected the specific testimony or evidentiary proof of the cross-examinations which were excluded by the trial court rulings, and that on appeal prejudicial error would not be presumed to exist. Thus, in *Andrews*, the plaintiffs had not initially elected to read the cross-examination portion of the deposition. Additionally, the record did not include the portion which was excluded.

Neither the *Andrews* or *Cullers* case had before it the complete record of the cross-examination portions of the depositions which were excluded. In this case, the transcript of the deposition is made a part of the record, and the deposed witness was deceased at the time of the trial.

The Rules of Civil Procedure were intended·"to abolish technicalities and to secure a just determination of every action." *Dons*

---

**3.** Rule 26(d)(4) of the Federal Rules of Civil Procedure was amended in 1970 and is now Rule 32(a)(4). It now reads:

At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts.

*Club v. Anderson*, 83 Ariz. 94, 97, 317 P.2d 534, 536 (1957). Great weight is given to federal interpretations of the rules. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971); *Harbel Oil Company v. Steele*, 80 Ariz. 368, 298 P.2d 789 (1956).

The plain and clear language of rule 32(a), as it appeared in 1977 and presently in both the federal and the Arizona Rules of Civil Procedure, expressly allows any party to an action to use *all* or *any part* of a deposition which qualifies for admission at trial by reason of the absence or death of a witness, or the witness' status as an adverse party. A party may thus choose to introduce only the parts of a deposition which favor his case. Rule 32(a)(4) prevents the unfair or misleading use of only parts of a deposition by providing that the adverse party may require any additional portions to be read which "ought in fairness to be considered with the part introduced," and that "any party may introduce any other parts" of a deposition. The language of rule 32(a), "so far as admissible under the rules of evidence applied as though the witness were then present and testifying," allows a party to challenge at trial the admissibility of any portion of the deposition which, though relevant within the scope of discovery, is irrelevant for purposes of evidence or otherwise excludable under the rules of evidence. *See* 4A *Moore's Federal Practice*, ¶¶ 32.01[4], 32.06, 32.09.[4]

We hold that rule 32(a) and 32(a)(4) allow any party to read all or part of the direct examination or cross-examination of a witness' deposition which qualifies for admission at trial by virtue of the witness' death, absence under the circumstances provided in the rules, or status as an adverse party. Any other party to the action may require any omitted portion to be read which in fairness ought to be considered.

We hold, therefore, that the trial court erred in refusing to allow appellants to read any portion of the cross-examination from

Mr. Wright's deposition, subject only to valid evidentiary objections.

We have read the record of the cross-examination of Mr. Wright in his deposition and compared it with the portions of the direct examination which were read to the jury. The excluded cross-examination essentially repeats, and in some instances elaborates on, the substance of the direct examination. Although it was error for the trial court to have denied appellants the right to read the cross-examination from the deposition, we cannot conclude that the error was prejudicial to appellants. To justify a reversal, the trial court's error must have been prejudicial to the substantial rights of the appellant. Prejudice will not be presumed but must appear from the record. *State v. Whitman*, 91 Ariz. 120, 370 P.2d 273 (1962); *Webb v. Hardin*, 53 Ariz. 310, 89 P.2d 30 (1939); *Seely v. McEvers*, 115 Ariz. 171 (Ct.App.), 564 P.2d 394 (1977); *Phoenix Western Holding Corporation v. Gleeson*, 18 Ariz.App. 60, 500 P.2d 320 (1972). Since the substance of the excluded cross-examination was the same as the admitted direct examination, the cross-examination, if admitted, would have been cumulative evidence. Admission of cumulative evidence is a matter for the trial court's discretion. Failure to admit cumulative evidence will not be held to be prejudicial error if its admission would not have changed the result. *Lewis v. Southern Pacific Company*, 102 Ariz. 108, 425 P.2d 840 (1967); *Parker v. State*, 89 Ariz. 124, 359 P.2d 63 (1961); *Odom v. First National Bank of Arizona*, 85 Ariz. 238, 336 P.2d 141 (1959); *Essex Wire Corp. of California v. Salt River Project A.I. & P.D.*, 9 Ariz.App. 295, 451 P.2d 653 (1969).

### REFUSAL OF TRIAL COURT TO RESPOND TO QUESTIONS FROM JURY

Appellants also assert that the trial court committed fundamental error when it

---

4. The language of rule 32(a), "so far as admissible under the rules of evidence applied as though the witness were then present and testifying" was added to the federal rule in 1970 to eliminate certain technical hearsay objections which were based on the deponent's absence from court. *See* Rule 1–07 and accompanying Note, Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates 21–22 (March, 1969); 4A *Moore's Federal Practice* ʻ 32.01[4].

failed to respond to two written questions from the jury during its deliberations. The jury began its deliberations on the afternoon of May 23, 1977. They recessed that night and reconvened the morning of May 24. The trial judge left Phoenix to return to his home in Apache County after counsel stipulated that another judge could receive the verdict. After the trial judge left, the jury sent the following two questions to the judge:

Based on your instructions are we judging the negligence of the hospital alone or Nancy Oehl's judgment on 10/7 causing the accident?

Do we have to find Nurse Oehl solely responsible in order to find the defendant liable?

No answer was sent to the jury until mid-afternoon on May 24, when the jury was advised that the questions would not be answered by the court. Soon thereafter the defense verdict was announced by the jury.

In support of their argument on appeal, appellants submitted an affidavit of one of the jurors at the trial. In submitting the affidavit, counsel for appellants have violated rule 606(b), Arizona Rules of Evidence. Rule 606(b) provides:

Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict, or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him, concerning a matter about which he would be precluded from testifying, be received for these purposes.

The Arizona courts refuse to admit affidavits of jurors to impeach or explain a verdict. *Wasko v. Frankel,* 116 Ariz. 288, 569

P.2d 230 (1977); *Gorski v. J. C. Penney Company,* 103 Ariz. 404, 442 P.2d 851 (1968); *Valley National Bank of Arizona v. Haney,* 27 Ariz.App. 692, 558 P.2d 720 (1976); *Johnson v. Harris,* 23 Ariz.App. 103, 530 P.2d 1136 (1975). For a case from another jurisdiction, *see Whisnant v. Holland,* 206 Or. 392, 292 P.2d 1087 (1956).

The issues on appeal have been decided without consideration by this court of the affidavit of the juror, Kathleen Broster.

After the closing arguments, the trial court had instructed the jurors in part as follows:

1) If you find that the defendant was *not* negligent or that the defendant's negligence did *not* cause plaintiff's injuries your verdict must be for the defendant. 2) If you find that the defendant *was* negligent, and that its negligence ... caused the plaintiff's injuries then your verdict must be for the plaintiff.

\* \* \* \* \* \*

Before you can find the defendant liable, you must find that the *defendant's negligence* caused the plaintiff's injury. Negligence causes an injury if it helps produce the injury and if the injury would not have happened without negligence. A person who is claimed to be liable for a person's injuries can only be liable to the extent of the injury caused by himself, if any.

If it appears from the evidence that other conditions or accidents contributed to the injuries of which the plaintiff complains, or if it appears to the jury that the plaintiff has not proven by a preponderance of the evidence the extent of the injuries alleged to have been caused by the defendant, then there may be no apportionment of the damages claimed for such injuries to the defendant [*sic*]. In other words, if the plaintiff has not proved with a preponderance of the evidence and [*sic*] apportionment of the damages between those for which the defendant is claimed to be liable and those attributed to the other conditions or accidents you may not render a verdict for any such alleged damages.

A hospital is liable for the wrongful acts of its employes while the employes are acting within the scope of their employment.

You will be instructed that the Court has found as a matter of law that the nursing staff practicing at Good Samaritan Hospital are employees of the defendant Good Samaritan Health Service. If you find that the negligence of *any employee* working at Good Samaritan Hospital was *the* cause of plaintiff's injuries then you must find for the plaintiff and against the defendant Good Samaritan Health Service. (Emphasis added.)

Appellants had requested the court to give their instruction 11, which was refused by the trial court. The record reflects that appellants made no objection to the court's refusal to give the instruction. Instruction 11 read as follows:

More than one person may be liable for causing an injury. A defendant may not avoid liability by claiming that some other person helped cause the injury.

The evidence at the trial disclosed that at the time of Mr. Ott's injury in the hospital, Nancy Oehl was the registered nurse in charge of his care, and that other hospital employees were also responsible for his care under her general direction. Nurse Oehl had been with Mr. Ott in the hospital dining room and allowed him to return to his room alone. It was appellant's contention at trial that either Nurse Oehl, or other hospital employees on duty at the time, could have and should have supervised Mr. Ott at all times, thereby preventing his injury.

The inquiries submitted by the jurors to the trial judge during their deliberations indicated they did not understand whether they would have to determine that Nancy Oehl, alone, was negligent and that her negligence, alone, caused appellant's injury in order to hold the appellee liable, or whether liability of appellee could be based on a determination that others, or the hospital itself, were also negligent and that their negligence also contributed to cause the injury.

Appellants contend that the trial court had a duty to give additional instructions to the jury in response to the inquiries, and that its refusal to do so resulted in prejudicial and reversible error. The appellants have filed a narrative statement of the proceeding concerning the jury's inquiries for which a transcript is unavailable, in accordance with rule 11(c), Rules of Civil Appellate Procedure. The narrative statement recites in part that:

The jury's request was transmitted to Judge Greer. Plaintiffs' counsel specifically requested the Court either to answer the question "No," or to provide supplemental instructions to the jury advising it that it could find the Hospital liable if there was negligence of any Hospital employee or combination of employees which caused plaintiff's injury. Mr. Cracchiolo objected to any further instructions to the jury. Judge Greer advised that he would not give any supplement [*sic*] instructions, but rather, he would inform the bailiff to tell the jury that there [*sic*] question would not be answered.

"As a general rule the decision to further instruct a jury on a matter is within the trial court's discretion." *Dawson v. Olson*, 97 Idaho 274, 282, 543 P.2d 499, 507 (1975); *State v. Chang*, 50 Haw. 195, 436 P.2d 3 (1967); *Whisnant v. Holland*, 206 Or. 392, 292 P.2d 1087 (1956); *Muskin v. Gerun*, 46 Cal.App.2d 404, 116 P.2d 105 (1941).

■ However, notwithstanding that the original instructions to the jury correctly state the applicable law to be applied to the facts, a number of courts have held that if the jurors thereafter express confusion or lack of understanding of a significant element of the applicable law, it is the court's duty to give additional instructions on the law to adequately clarify the jury's doubt or confusion. *See, e. g., Bottaro v. Schoenborn*, 157 Conn. 194, 251 A.2d 79 (1968); *Hubert v. City of Marietta*, 224 Ga. 706, 164 S.E.2d 832 (1968); *Lee v. Mount Ivy Industrial Developers, Inc.*, 31 App.Div.2d 958, 298 N.Y.S.2d 813 (1969); *Worthington v. Oberhuber*, 419 Pa. 561, 215 A.2d 621 (1966).

*Cf., Whisnant v. Holland*, 206 Or. 392, 292 P.2d 1087 (1956) (holding no additional instruction required, despite jury's request for clarification, where original instructions were clear and only a short time had elapsed since the original instructions were given). Such additional instruction may not "invade the fact finding province of the jury" or amount to a "comment on the evidence." *Morrison v. McKillop*, 17 Wash. App. 396, 400, 563 P.2d 220, 223 (1977). Any error of the court in failing to give additional instructions may be waived by failure of counsel to request further instruction or to make an objection on the record to the court's refusal to instruct further. *Phoenix Blue Diamond Express v. Mendez*, 103 F.2d 66 (9th Cir. 1939), *cert. denied*, 308 U.S. 566, 60 S.Ct. 79, 84 L.Ed. 475; *Ditty v. Farley*, 219 Or. 208, 347 P.2d 47 (1959).

 The narrative supplement to the record which was filed in this case by appellants reflects that they objected to the court's refusal to answer the jurors' questions and to give additional instructions, and made a request for specific alternative responses to the jury.

We hold that on the facts and the record of this case it was prejudicial and reversible error for the trial court to refuse to give additional instructions to the jury to clarify the confusion concerning the effect of possible multiple causes of appellant's injury. In this instance, the court's original instructions were somewhat unclear as to the effect of multiple causation of the alleged injury. The agency instruction could have been interpreted as stating that the hospital could be found liable only if a single employee was the single cause of the injury. It was, therefore, very important to clarify the point when the jury expressed confusion. The court should have informed the jury in response to the questions that the appellee could not avoid liability by claiming that some other person or employee helped cause appellant's injury.

 We adopt the rule that when the original instructions may be incomplete, unclear, or capable of misinterpretation, it is the court's duty to give additional instructions on the law in response to a reasonable request by the jury for clarification which will adequately clarify the jury's doubt or confusion on any essential element of the applicable law of the case, unless no objection is made by counsel to the failure or refusal of the court to respond.[5]

## USE OF PARTY OPPONENT'S LISTED WITNESS AS EXPERT WITNESS AT TRIAL

Appellants have also argued that reversal is required because the trial court permitted appellee to call as its own witness at trial Dr. George T. Hoffman, who testified as an expert witness on the standard of care of the patient. Dr. Hoffman had never been listed by appellee as an expert witness in response to appellants' pretrial interrogatories or in any pretrial statement. Dr. Hoffman had been listed by appellants themselves, however, as a witness to be called by appellants to testify as one of Mr. Ott's treating physicians.

Inasmuch as this case is remanded for a new trial on other grounds, appellants may not claim surprise or prejudice on retrial in the event that Dr. Hoffman is called by appellee again to testify concerning the standard of care. Accordingly, it is unnecessary to address the claim in this opinion. It is also unnecessary to rule upon the other alleged errors on appeal, none of which requires reversal.

The case is reversed and remanded for a new trial consistent with this opinion.

EUBANK, P. J., and WREN, J., concur.

---

5. Of historical interest, Arizona formerly had a statute, Rev.Stats.1901, par. 1410, which provided that "no further instructions shall be given to the jury after argument begins." The statute was superseded in 1940 by the adoption of the new Rules of Civil Procedure for the Superior Courts of Arizona, effective January 1, 1940. For a case applying the former statutory provision *see Southern Pacific Co. v. Wilson*, 10 Ariz. 162, 85 Pac. 401 (1906).