761 P.2d 1022

**Betty M. HARRINGTON, a single woman, Plaintiff/Appellant,**

v.

**BEAUCHAMP ENTERPRISES, a California corporation; Camelback & Hayden Partnership, a California partnership; Community Builders, an Arizona corporation; David R. Johns and Jane Doe Johns, husband and wife, d/b/a/ David Johns Construction Company; Keller Industries, Inc., a Florida corporation, Defendants/Appellees.**

No. CV–87–0086–PR.

Supreme Court of Arizona, En Banc.

Aug. 30, 1988.

Reconsideration Denied Oct. 25, 1988.

Shimmel, Hill, Bishop & Gruender, P.C., Phoenix, by Brice I. Bishop and David N. Farren, for plaintiff/appellant.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, Phoenix, by Charles I. Kelhoffer and Thomas K. Chenal, for Beauchamp Enterprises and Camelback & Hayden Partnership.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, by Larry L. Smith and Ralph E. Hunsaker for Community Builders, David R. Johns and Keller Industries, Inc.

MOELLER, Justice.

## JURISDICTION

In 1979, a subcontractor, Keller Industries, Inc. (Keller), supplied and installed large mirrors on the dressing room walls of an apartment complex being built in Scottsdale. In May, 1982, plaintiff Betty M. Harrington, a tenant in one of the apartments, was severely injured when the mirror in her unit separated from the wall, fell, and shattered. Harrington brought suit for personal injuries against several defendants, including Keller. The other defendants received pretrial summary judgments. The case went to trial against Keller on negligence and product liability theories. The jury returned a defense verdict. The court of appeals affirmed. Here, the plaintiff sought review of five issues. We granted review on two issues which, in turn, involve consideration by us of three questions relative to Harrington's claim against Keller. Those three questions are:

1. Did the trial court err by soliciting or inviting the jury to submit questions during its deliberations?

2. Did the court of appeals correctly conclude that the record on appeal was insufficient to consider plaintiff's claim that the trial court erred in the manner in which it responded to a jury question?

3. If the record on appeal is adequate to consider the issue, did the trial court err in the manner in which it responded to a jury question?

We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

## THE TRIAL COURT'S INSTRUCTION ON JURY QUESTIONS

After reading the instructions to the jury, the court made the following comment to the jury:

Ladies and gentlemen, you now receive the case. You have heard the instructions, there is nothing more I can tell you about what your job is.

If you have any questions, you must write it out on a piece of paper and contact the bailiff.

There had been no discussion of such an instruction. It came from the pro tem judge *sua sponte*. There was, however, no objection to the instruction as given. We agree with the court of appeals that the propriety of such an instruction should not be considered on appeal absent a contemporaneous objection in the trial court. We also note, however, that the instruction merely advised the jury of one of the acceptable modes of communication with the court under Rule 39(g), Ariz.R.Civ.P., 16 A.R.S.[1] Such an instruction is well within the discretion of the trial court. In any event, it is clear that the instruction can by no means be considered fundamental error of the type which would be considered on appeal absent a contemporaneous objection in the trial court.

## THE JURY QUESTION AND THE COURT'S RESPONSE

During the jury deliberations, the jury sent a note to the judge which read:

How many years are [sic] a contractor liable for defects in workmanship and materials in comm. property. Contract reads one year. We want to know if another law foregoes contract.

This note clearly refers to the contract between Keller and the builder which was in evidence and had a paragraph 29 entitled "GUARANTEE" which read, in part, as follows:

Subcontractor unconditionally warrants and guarantees all work furnished in connection with its contract for a period of one (1) year from installation against all defects in workmanship and materials....

No limitations period, statutory or contractual, was in issue at the trial, and the jury had received no instructions whatsoever on any limitations issue. Because the judge pro tem had released the court reporter for the day before he received the question from the jury, there is no transcript reflecting the discussion among court and counsel concerning an appropriate response to the question. Information concerning the handling of the question comes solely from the affidavit of plaintiff's counsel submitted to the trial court in support of plaintiff's "Motion for New Trial or in the Alternative for Judgment Notwithstanding the Verdict." The affidavit shows that plaintiff's counsel urged the trial judge to respond to the jury's question by advising the jury that the action had been brought in a timely manner and that the jury was to decide the case on the basis of the evidence they had heard and the instructions they had previously received. The court denied this request and, instead, according to counsel, "instructed the bailiff to return to the jury room and inform the jury that the lawyers and the judge could not figure out the meaning of the question propounded." Shortly thereafter, the jury returned its defense verdict.

■ The court of appeals refused to consider the propriety of the trial court's response to the question, holding that counsel's affidavit was insufficient to preserve the record because it did not comply with Rule 11(c), Ariz.R.Civ.App.P., 17A A.R.S. We disagree. The rule relied on by the court of appeals provides a procedure by which the parties may amend or supplement the record on appeal. In cases covered by the rule, the mere filing of an affidavit with the appellate court would indeed be insufficient. *See Eng v. Stein,* 123 Ariz. 343, 346, 599 P.2d 796, 799 (1979); *Crook v. Anderson,* 115 Ariz. 402, 403–04, 565 P.2d 908, 909–10 (App.1977).

In this case, however, the affidavit was filed *in the trial court* in support of a motion for new trial. Neither the defendant nor the trial court ever disputed the accuracy of the affidavit, and no objection to its use was made in the trial court.

---

**1.** At the time of the trial in this case the rule was designated as Rule 39(f). It was renumbered as Rule 39(g) September 15, 1987, effective November 15, 1987.

 

Because the trial judge had dismissed the court reporter, an action over which counsel had no control, there was no transcript available. Counsel made the best record he could under the circumstances, and the accuracy of that record is unchallenged. We conclude that the affidavit is properly in the record, and the issue it addresses is properly preserved for appeal. *See McAfoos v. Canadian Pacific Steamships, Ltd.,* 243 F.2d 270, 271 (2d Cir.1957).

■ We turn then to the question of whether error occurred in the manner in which the jury's inquiry was handled. In general, the decision as to whether and how to respond to a question from the jury is the province of the trial court. Absent an abuse of discretion, we will not disturb a trial court's rulings in this regard. *Ott v. Samaritan Health Service,* 127 Ariz. 485, 491, 622 P.2d 44, 50 (App.1980). However, as the court of appeals noted in *Ott,* there are circumstances under which failure to respond to a jury question may be reversible error. "[A] number of courts have held that if the jurors ... express confusion or lack of understanding of a significant element of the applicable law, it is the court's duty to give additional instructions on the law to adequately clarify the jury's doubt or confusion." *Ott,* 127 Ariz. at 491, 622 P.2d at 50 (citing *Bottaro v. Schoenborn,* 157 Conn. 194, 251 A.2d 79 (1968); *Hubert v. City of Marietta,* 224 Ga. 706, 164 S.E.2d 832 (1968); *Lee v. Mount Ivy Industrial Developers, Inc.,* 31 App.Div.2d 958, 298 N.Y.S.2d 813 (1969); *Worthington v. Oberhuber,* 419 Pa. 561, 215 A.2d 621 (1966)).

Although the court in *Ott* arguably sought to limit its holding to situations where the original jury instructions were incomplete, unclear, or capable of misinterpretation, we feel that there are situations when a question from a jury so clearly demonstrates confusion on the jury's behalf that additional instructions are necessary, even though the original instructions were complete and clear. In such a case, the court has a duty to respond to the jury in a way that insures that it reaches its verdict based on issues which are relevant to the case.

In this case, the jury's question quite clearly demonstrated the high likelihood that some or all of the jurors believed the one-year limitation provision in the contract had some bearing on the case. It did not. The trial court should have granted plaintiff's request for a responsive clarification. It did not do so and we are unwilling to speculate that the error may have been harmless. The parties are entitled to a jury verdict based on the legal theories on which the case was tried.

### DISPOSITION

For the foregoing reasons, we vacate that portion of the court of appeals' memorandum decision dealing with the issue of the jury's question. We reverse the judgment in favor of Keller and remand to the trial court for a new trial of plaintiff's claim against Keller.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.