NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2025-001972

No. 1 CA-MH 25-0106

FILED 11-28-2025

Appeal from the Superior Court in Maricopa County
No. MH2025-001972
The Honorable Elisa C. Donnadieu, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Sean M. Moore
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Robert S. Shipman, Lindsay Ficklin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1        W.W. ("Patient") appeals a court order for involuntary mental health treatment, arguing the superior court erred by relying on testimony elicited in violation of the physician-patient privilege. For the following reasons, we vacate the order and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

¶2        A psychiatric mental health nurse practitioner petitioned for a court-ordered evaluation of Patient, alleging Patient claimed he was God and could read minds and had threatened to kill his family members.

¶3        The court granted the petition and ordered Patient to undergo involuntary evaluation. Dr. Hughes and Dr. Nguyen (the "evaluating physicians") assessed Patient. They concluded Patient likely had bipolar 1 disorder, and Dr. Hughes petitioned for Patient to receive court-ordered treatment.

¶4        Patient was involuntarily hospitalized pending a hearing on Dr. Hughes' petition. At the time, Patient's attending physician was Dr. Ashurst. Patient also requested an independent evaluation, which Dr. Raby conducted.

¶5        At the hearing, the court admitted the evaluating physicians' affidavits by stipulation. The State called two acquaintance witnesses and Patient called Dr. Raby to testify. Dr. Raby testified she had a "[s]ignificant concern" neurosyphilis was not properly excluded as the cause of Patient's psychiatric symptoms and it remained "a viable and concerning issue" in Patient's case.

¶6        The superior court permitted the State to call Dr. Ashurst to testify in rebuttal, over Patient's objection that her testimony would violate the physician-patient privilege. Dr. Ashurst acknowledged Patient was diagnosed with syphilis but disagreed with Dr. Raby's opinion that Patient's symptoms could be caused by the syphilis infection.

¶7        The court found by clear and convincing evidence that Patient had a mental disorder and thus ordered Patient to undergo combined inpatient and outpatient treatment.

¶8        Patient timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(10)(a) and 36-546.01.

**DISCUSSION**

**¶9**　　　　We affirm an involuntary treatment order when it is supported by substantial evidence. *In re Pinal Cnty. Mental Health No. MH202400075*, 259 Ariz. 35, 38, ¶ 7 (App. 2024). We review factual findings for clear error. *Tortolita Veterinary Servs., PC v. Rodden*, 252 Ariz. 96, 104, ¶ 23 (App. 2021). To justify reversal, the error must be "prejudicial to the substantial rights of the appellant." *Ott v. Samaritan Health Serv.*, 127 Ariz. 485, 489 (App. 1980). "Prejudice will not be presumed but must appear from the record." *Id.* (citations omitted).

I.　　　The physician-patient privilege applied to Dr. Ashurst.

**¶10**　　　　Patient argues the superior court erred by allowing Dr. Ashurst to testify in violation of the physician-patient privilege. The State contends the physician-patient privilege does not apply to "impressions and opinions of attending physicians formed during the evaluation commitment process." We review de novo whether an evidentiary privilege applies. *Flores v. Cooper Tire & Rubber Co.*, 218 Ariz. 52, 57, ¶ 20 (App. 2008).

**¶11**　　　　We previously addressed this issue in *In re: MH2022-002881*, 1 CA-MH 22-0042, 2023 WL 1989138, at *2, ¶ 14 (Ariz. App. Feb. 14, 2023) (mem. decision). There, we held Arizona law recognizes a physician-patient privilege in mental health proceedings, and this privilege applies between a patient and his attending physician. *Id.* at *2, ¶¶ 11-15. We see no reason to deviate from that reasoning here.

II.　　　Patient did not waive the physician-patient privilege as to Dr. Ashurst.

**¶12**　　　　Whether a physician-patient privilege is waived "poses a mixed question of law and fact, which we also review de novo." *Flores,* 218 Ariz. at 57, ¶ 20 (citation omitted). A patient may expressly or impliedly waive the physician-patient privilege. *See Heaphy v. Metcalf*, 249 Ariz. 210, 212, ¶ 3 (App. 2020). Express waiver occurs when a patient consents to the physician's testimony. *See* A.R.S. § 12-2236. Implied waiver occurs (1) if the patient offers himself as a witness and voluntarily testifies about privileged communications, or (2) when a patient "places a particular medical condition at issue by means of a claim or affirmative defense." *Heaphy*, 249 Ariz. 212, ¶ 3 (citations omitted). Implied waiver should be applied to prevent a patient from wielding privilege both as a sword and a shield. *Bain v. Superior Ct. ex rel. Maricopa Cnty.*, 148 Ariz. 331, 334 (1986) (citations omitted).

> **A.** Patient did not impliedly waive the physician-patient privilege because he did not place his mental health "at issue."

**¶13** Patient argues the State first placed his mental health "at issue" when it petitioned for an involuntary treatment order. The State argues Patient placed "his syphilis and its effects at issue by raising them, for the first time, as a defense in Dr. Raby's testimony."

**¶14** "[P]lacing a condition 'at issue' means more than a possibility the condition could be relevant; upholding the privilege must instead 'deny the inquiring party access to proof needed fairly to resist the privileged party's own evidence on that very issue.'" *Heaphy*, 249 Ariz. at 212, ¶ 4 (citations omitted). "The bare assertion of a claim or defense does not necessarily place privileged communications at issue in the litigation, and the mere fact that privileged communications would be relevant to the issues before the court is of no consequence to the issue of waiver." *Accomazzo v. Kemp*, 234 Ariz. 169, 172, ¶ 9 (App. 2014).

**¶15** In a similar case, we held the State rather than the patient placed his mental health "at issue" when the State "moved for an involuntary treatment order based on affidavits from two psychiatrists and a police detective." *In re: MH2022-002881*, 1 CA-MH 22-0042, at *3, ¶ 17. There, the particular condition "at issue" was the patient's overall mental health. *See id.* Likewise, here, the State placed Patient's overall mental health "at issue" when it petitioned for involuntary treatment. The result is the same if we take the State's position that Patient placed his syphilis infection "at issue." The record supports that the State was aware of Patient's syphilis diagnosis before Patient raised it in Dr. Raby's testimony.

**¶16** Patient cites *Throop v. F.E. Young & Co.*, 94 Ariz. 146 (1963), to argue he is not using privilege as both a sword and shield. In *Throop*, our supreme court explained that a privilege is waived when the privilege holder's conduct places him "in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege. It is not to be both a sword and a shield." *Id.* at 158 (citation omitted). There, the plaintiff brought a wrongful death action on behalf of her decedent husband, who died in a car accident. *Id.* at 149. The defendant claimed the decedent died of a "sudden heart attack" but then tried to assert privilege as to the testimony from the decedent's doctor. *Id.* at 156-57. The court reasoned the defendant's claim of a "sudden heart attack . . . was highly material and not in accord with the actual facts," so using the

privilege claim "to buttress such a position [wa]s contrary to the spirit of the privilege and the purpose of trials to ascertain the truth." *Id.* at 157-58.

¶17 Here, we agree that Patient is not using privilege as a sword and shield, as the State contends, by selectively invoking a privilege and "failing to disclose cognate material unfavorable to that party." *Danielson v. Superior Ct. ex rel. Maricopa Cnty.*, 157 Ariz. 41, 43 (App. 1987) (citation omitted). Patient's privilege claim kept no information from the State as the State could access the relevant evidence—Patient's clinical record and the affidavits from his evaluating physicians.

B. Patient did not forfeit his privilege with Dr. Ashurst in its entirety by expressly waiving the privilege with Dr. Raby.

¶18 Patient next argues he did not impliedly waive his physician-patient privilege with Dr. Ashurst by allowing Dr. Raby to consult with her. The State contends Patient cannot selectively waive the physician-patient privilege and that because Dr. Ashurst informed Dr. Raby about Patient's conditions, Patient could not invoke the privilege to prevent Dr. Ashurst from testifying at the hearing.

¶19 The State's argument assumes Patient's explicit consent for Dr. Ashurst to consult Dr. Raby waived his privilege as to Dr. Ashurst altogether. But Patient waived privilege with Dr. Raby only to complete the independent medical examination he was entitled to. The State provides no authority, and we have found none, to demonstrate how this narrow explicit waiver is evidence that Patient waived the entirety of his privilege with Dr. Ashurst.

III. Dr. Ashurst's testimony prejudiced Patient.

¶20 Patient argues Dr. Ashurst's testimony was prejudicial because "the trial court heavily relied on Dr. Ashurst's testimony in ordering involuntary treatment" and Dr. Ashurst was not a proper rebuttal witness.

¶21 To justify reversing the superior court's order, a plaintiff must show the superior court's error prejudiced the plaintiff's substantial rights. *In re: MH2022-002881*, 1 CA-MH 22-0042, at *3, ¶ 18 (citing *Ott*, 127 Ariz. at 489). Prejudice must appear from the record. *In re: MH2022-002881*, 1 CA-MH 22-0042, at *3, ¶ 18 (citing *Fuentes v. Fuentes*, 209 Ariz. 51, 57, ¶¶ 28-29 (App. 2004) (finding no abuse of discretion when the superior court erroneously admitted inadmissible evidence because the evidence was "substantially cumulative" and did not prejudice the other party)). In a

similar case we found no prejudice to a patient whose attending physician testified over the patient's privilege objection. *In re: MH2022-002881*, 1 CA-MH 22-0042, at *3, ¶ 19. We reasoned there was no prejudice because the attending physician's testimony was "superfluous," and the patient's counsel had conceded the independent medical evaluator's testimony did not contradict the evaluating physicians' findings that "combined inpatient and outpatient treatment was appropriate and available." *Id.* (citing A.R.S. § 36-540(A)).

¶22 Here, the court relied on Dr. Ashurst's testimony to grant the petition for court-ordered treatment. The court found "Dr. Raby got it wrong" because "she didn't have all the information." The court stated, "Dr. Ashurst [sees] the Patient on an ongoing basis," and "has more information." The court erred by permitting Dr. Ashurst's testimony and its reliance on that testimony when ordering treatment prejudiced Patient.

¶23 Because we find that Dr. Ashurst's testimony prejudiced Patient, we need not reach Patient's argument that Dr. Ashurst was not a "valid" witness.

## CONCLUSION

¶24 We vacate the superior court's order for involuntary treatment and remand for further proceedings consistent with this decision.

